HERMAN B. YOUNG *v.* ARKANSAS STATE HIGHWAY
COMMISSION

5-4219                                        414 S. W. 2d 87

Opinion delivered May 1, 1967

*Harold Sharp* and *Spitzberg, Bonner, Mitchell &
Hays;* By: *John P. Gill,* for appellant.

*John R. Thompson;* By: *Robert H. Hall,* for ap-
pellee.

LYLE BROWN, Justice. This is an eminent domain case.
Arkansas State Highway Commission sued to take 0.33
acres from appellant Young's tract of 14.7 acres. The
jury awarded the property owner $2,500.00, which he con-
sidered inadequate. Appellant relies on two points for
reversal, namely, inadequacy of the verdict, and the trial
court's refusal to give a separate instruction explaining
the right of the property owner to testify as to fair

market value. These points will be listed and discussed in that order.

1. *The verdict is inadequate and is not supported by substantial evidence.* An expert witness and the landowner testified as to values. The highway department offered no testimony. The expert witness fixed just compensation at $8,140.00. The landowner estimated his damage to be between ten and twenty thousand dollars. These being the only "before and after" figures introduced, it is the landowner's contention that an award should have been made within the bounds of the proffered figures. This contention must be rejected upon the basis of our holding in *Ark. State Highway Comm.* v. *Schanbeck,* 240 Ark. 277, 398 S. W. 2d 897 (1966). There the trial court instructed the jury to return a verdict within the limits of the value witnesses. This instruction was held to be in error in view of the right of the jury "to exercise its own independent thinking and judgment in translating the testimony into a finding of fact."

We are asked to declare the verdict inadequate. In *Hales & Hunter Co.* v. *Wyatt,* 239 Ark. 19, 386 S. W. 2d 704 (1965), this court said:

"Neither can it be said that the jury verdict of $2,500.00 instead of the $7,598.14 sought is so inconsistent with the pleadings and proof that the verdict is subject to appellant's motion for judgment *non obstante verdicto.* We have held that where the jury renders a verdict based upon substantial evidence for more than a nominal amount, although inconsistent with either theory of the case, then the trial court does not have authority to award a larger sum than that determined by the jury. *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49."

The verdict is based on substantial evidence. Young bought the 14.7 acres on February 20, 1963, for $1,200.00 an acre. Within a few days he learned that the highway

department was slicing off practically all the frontage on State Highway No. 1. This was necessary to make a proper approach to the new interstate highway, which crossed Highway No. 1. When this information reached Young, he immediately sold the 14.7 acres (less the taking) to Transportation Industries, Inc. for $1,200.00 an acre. (In turn, Transportation obtained an easement for an access road to its property.) The 0.33 acres taken was valued at $660.00. The jury might well have determined Young's only damage to have been $660.00 since he sold his remainder at the same acreage rate for which he purchased it. Young testified that before the taking he had in mind erecting a motel. Yet there was no testimony which showed the property to be considered feasible for such a business.

At the time Young bought this acreage it was generally known that Interstate 40 would overpass State Highway No. 1 at this juncture. There an elaborate interchange was planned. Therefore, as of the date of Young's deed, land values in the area had been substantially affected and land uses had changed. This court looks with disfavor on using land values suddenly changed in anticipation of a proposed highway improvement. *Arkansas State Highway Commission* v. *Griffin*, 241 Ark. 1033, 411 S. W. 2d 495 (1967). Likewise, the jury may well have frowned on damages near the full amount claimed in the belief that this would be unjust enrichment.

Appellant argues that the 14.7 acres was landlocked as a result of the taking. However, the jury may have found this assertion not to be entirely correct. The expert witness testified that there would still be access across a ditch which would require a large culvert.

2. *The trial court erred in refusing to instruct that the owner may testify as to the fair market value of his property.* Appellant offered an instruction dealing only with the right of the owner to testify as to the market value of his property. It was proper to refuse the instruc-

tion. *Steptoe* v. *St. L., I. M. & S. Ry. Co.,* 119 Ark. 75, 177 S. W. 417 (1915):

> "The giving of the following instruction, at the defendant's request, is also assigned as error: '13. The jury are instructed that while they are the judges of the weight of the evidence, and the credibility of the witnesses, yet, they must not disregard the testimony of any witness arbitrarily, nor are they to discard or depreciate the testimony of a witness merely because he is in the employ of the railway company.' The instruction, as will be seen, singles out a certain class of witnesses, and it was improper to do that in a instruction. We have often held that it was not good practice to single out facts or witnesses, individually or in classes, and to refer to them in instructions—that this court will not reverse a case for refusal to give such an instruction; but, on the other hand, we have held that the giving of such an instruction, though bad practice, does not constitute reversible error."

The court properly instructed the jury on the credibility of all witnesses. He gave an additional instruction on "opinion evidence." The first paragraph of this last instruction was applicable to the landowner's opinion as well as the expert's opinion. Under these circumstances the giving of the refused instruction could well have been duplicitous and prejudicial.

We do not hold that in every situation the giving of a properly phrased credibility instruction as to a witness or class of witnesses is inadvisable. We do hold that when the jury is adequately instructed generally on the credibility of all witnesses, it is not error to refuse to single out a witness or class of witnesses in an additional intruction.

Affirmed.