**M/V ENA K and Blue Ribbon Shipping Co., Ltd., Appellants,**

v.

**Donald A. MONPLAISIR, Appellee.**

**Donald A. MONPLAISIR, Appellant,**

v.

**M/V ENA K and Blue Ribbon Shipping Co., Ltd., Appellees.**

No. 24195.

United States Court of Appeals
Fifth Circuit.

March 4, 1968.

Graham C. Miller, Miami, Fla., for appellants-appellees, Herbert W. Vogelsang, Miami, Fla., on the brief.

G. Morton Good, Miami, Fla., for appellee-appellant, Smathers & Thompson, Miami, Fla., of counsel.

Before BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Monplaisir owned the TUNA III, an ex-Navy L.C.M., 51 feet long, with watertight compartments but having a 19″ x 31″ hatch on deck over the engine room. He hired Respondent, owner of the ENA K to tow TUNA III to the West Indies. The engine room hatch was sealed before the tow left Miami.

Enroute, TUNA III sank at sea, about an hour after one of ENA K's crew opened this hatch to get gasoline from the engine room. Immediately three large waves capped over the tow, she listed to starboard, rolled on her side and sank stern first.

Based on credible testimony, expert and otherwise, the trial court made find-

ings that the TUNA III was seaworthy and that she sank as a result of sea water flooding the engine room because of negligence in improperly securing the hatch. Respondents Blue Ribbon and ENA K were held liable for the damages caused by the loss of TUNA III. These the court assessed at $11,500, although Monplaisir claimed $21,190 as the amount necessary to make him whole.

Respondents appealed; Monplaisir cross-appealed, claiming that the damages awarded were inadequate. We cannot conclude that either the findings as to liability or damages were clearly erroneous. (Rule 52(a), F.R.Civ.P.).

The other questions raised on appeal and cross-appeal have been examined and found to be without merit. They do not warrant discussion.

The judgment of the lower court is affirmed, both on the original appeal and on the cross-appeal.

Affirmed.