**D. H. OVERMYER WAREHOUSE CO., Inc., Plaintiff-Appellant,**

v.

**Max L. KUNIANSKY, and M. K. Construction Corporation, Defendants-Appellees.**

**No. 28280**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1970.

Russell Morton Brown, Brown, Goodpasture & Block, Washington, D. C., Hoke Smith, Smith, Cohen, Ringel, Kohler, Martin & Low, Atlanta, Ga., Edmund M. Connery, Gen. Counsel, New York City, D. H. Overmyer Warehouse Co., Inc., for plaintiff-appellant.

William G. Grant, Sidney Parks, Grant, Spears & Duckworth, Atlanta, Ga., for defendants-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I (October 7, 1969).

The quantum of damages for the improper construction of a warehouse is the sole issue on this second appeal of the same case. We affirm the judgment of the District Court. Our prior decision is reported at 406 F.2d 818 (5 Cir., 1968, rehearing en banc denied February 10, 1969). Kuniansky had constructed a warehouse for Overmyer, but the work was not accomplished according to the plans and specifications.

At the original trial Overmyer contended that the measure of damages should be the cost of restoration and repair, the Georgia rule where bad faith is shown [406 F.2d 818, 819]. The District Court found no bad faith. It therefore held the applicable rule to be that where a builder acts in good faith the proper measure of damages for improper construction is the difference in value as delivered and that the building would have had if completed in accordance with the contract. With this we agreed on the first appeal, but we held that the District Court had not correctly applied the standard.

Specifically, we stated:

"[A]ll the evidence indicates that the entire building was damaged, and the damage to the entire building was the appropriate consideration for the court. Moreover, there was testimony for the judge's deliberation as to the diminution in value of the entire building. We are therefore constrained to reverse on this issue and remand for an inquiry into the reduction in value of the entire building.

"The judgment of the trial court is affirmed *as to all points* (emphasis ours) except the method of computing damages which we reverse and remand with the directions above."

Pursuant to this decision the parties filed briefs and reargument on the evidence. The District Judge then awarded the owner judgment in the sum of $45,000, with interest from the date of the original judgment. Being dissatisfied with this recovery the owner, as stated, again appeals.

The testimony of a witness on behalf of the builder was that the improper construction of the building diminished its fair market value by only $8,000. The testimony of a witness for the warehouse owner was that the improper construction had diminished the fair market value by $95,000.

**1282**

Overmyer argues that there is no authority or basis in the record for an award of $45,000 so the trial judge had to resort to matters of personal knowledge, acquired outside the record. The essence of such an argument, although the appellant does not so state it, is that the District Judge had no choice but to accept either the $8,000 figure of the builder or the $95,000 figure of the building owner.

The values involved in this litigation inevitably had to be largely matters of opinion. The values had not been tested in sales from willing sellers to willing buyers, dealing at arm's length. The opinion of the witness for the builder fixed the diminution in value at the obviously low figure of $8,000. The opposing opinion of the appraiser for the warehouse owner went to the high side, $95,000. The finding of the District Court was between the two; that is, it was within the range of the testimony.

In one of our recent cases M/V ENA K v. Monplaisir, 391 F.2d 277 (5 Cir., 1968) the issue concerned damages occasioned by the sinking of a vessel. Both sides appealed, one claiming that the damages were excessive, the other that they were inadequate. We applied Rule 52(a) Federal Rules of Civil Procedure and affirmed per curiam.

This is a civil case. The parties chose the proof upon which they proposed to have the case decided. This reminds us of what the Fourth Circuit said in Whitaker v. Blidberg Rothchild Company, 1961, 296 F.2d 554, "Insistence on mathematical precision would be illusory and the judge or juror must be allowed a fair latitude to make reasonable approximations guided by judgment and practical experience", 296 F.2d at 555.

We find ourselves to be without a definite and firm conviction that a mistake had been made in fixing the valuation in dispute, Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774.

The judgment of the District Court is Affirmed.