498 F.2d 1298
 UNITED STATES of America, Appellee-Cross Appellant,
v.
1,162.65 ACRES OF LAND, MORE OR LESS, Situate IN HENRY AND
ST. CLAIR COUNTIES, STATE OF MISSOURI, et al.,
Appellants-Cross Appellees.
 Nos. 73-1540 and 73-1594.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 11, 1974.
Decided June 20, 1974.
 
 David Lee Wells, North Kansas City, Mo., for appellants-cross appellees.
 Robert L. Klarquist, Atty., App. Sect., Dept. of Justice, Land & Natural Resources Division, Washington, D.C., for appellee-cross appellant.
 Before MEHAFFY, Chief Judge, and GIBSON and WEBSTER, Circuit Judges.
 WEBSTER, Circuit Judge.
 
 
 1
 This is an appeal and cross-appeal from the judgment of the District Court of the Western District of Missouri awarding appellants $95,000 as compensation for lands taken by the United States in a condemnation action. We affirm the judgment of the District Court.
 
 
 2
 Fifteen tracts of land in Henry and St. Clair Counties, Missouri were condemned by the government for use in connection with the construction and establishment of the Harry S. Truman Dam and Reservoir in the Missouri River Basin; judgment upon declaration of taking was entered August 3, 1970. Included were two tracts, Nos. 5319 and 5508, which were owned by appellants Johnnie E. Stephens and Thelma D. Stephens. A third tract ('Parcel A'), owned by appellants and used with Nos. 5319 and 5508 as an integrated farming operation since 1951, was not taken.[1]
 
 
 3
 After the initial pleadings were filed, the matter was referred by the court to a commission pursuant to Rule 71A, Federal Rules of Civil Procedure. The commission was instructed to make alternative findings: (1) just compensation for the taking on the assumption that tracts 5319, 5508 and Parcel A were 'a single tract' on August 3, 1970; and (2) just compensation for the taking without reference to Parcel A.[2] The litigants presented the commission with a dilemma. Appellants, insisting that the three tracts were a single unit, presented only evidence of the value of the tracts as a unit, with agricultural purposes as the highest and best use. They furnished no evidence on the value of tracts 5319 and 5508 without reference to Parcel A. On the other hand, the government took the position before the commission that Parcel A was not an integral unit with Nos. 5319 and 5508, and even if it was to be so considered, its value should be based on a highest and best use as residential property, and therefore was unaffected by the severance of the agricultural tracts.[3] The commission accepted the government's evidence as the only evidence of value without reference to Parcel A and found that just compensation on this basis was $65,000. Alternatively, treating all three parcels as a unit, it fixed just compensation at $87,500.
 
 
 4
 The commission found that the fair market value of the unit before taking was $130,000 and the market value of Parcel A after the taking was $42,500. The latter value was based on the commission's view that the highest and best use for Parcel A was rural residential. The commission credited and discredited certain aspects of each expert's testimony and the underlying evidence in reaching the conclusion that the fair market value of the single tract lay in between the estimates of the opposing experts. For example, the commission found that the government witness' method of classifying the acreage of each field was more accurate than that of the landowners' experts, but found the landowners' testimony as to productivity of the tracts more knowledgeable than that of the government.
 
 
 5
 The trial court found that the taken tracts and Parcel A constituted a single unit within the meaning of United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943).[4] The court stated:
 
 
 6
 We conclude that the applicable working rule requires that if, on the facts of a particular case, it is determined that the particular tracts condemned were, at the time of taking, in fact being used and devoted to a unitary use together with another tract, the tracts taken and the tracts not taken must be considered as a single unit in both the before and after valuations of the formula recognized and reiterated in Miller. Unless both before and after expert opinion is considered on such a unitary basis, the essential element which arises 'out of the relation of the part taken to the entire tract' would and could not be given appropriate consideration and would therefore be totally disregarded. We reject all parts of the Commission's report which proceeded on the basis of any rule to the contrary.
 
 
 7
 Thus the court rejected that portion of the commission's findings which approved the government's theory that Parcel A was a separate tract or part of a unitary tract with a different highest and best use.
 
 The court then held:
 
 8
 The Commission made an express finding that the fair market value of all three tracts had a before value of $130,000. That finding cannot properly be said to be clearly erroneous. That finding was some $40,000 less than any of the opinions expressed by landowner's witnesses in regard to the before value of all three tracts when considered as a unit. The Commission, however, ruled the disputed issues in regard to land classification generally in favor of the government's witnesses. It also expressed some reservation about some of the testimony given by the landowner's expert witnesses who were apparently more familiar with sales in counties other than St. Clair, although the Commission candidly stated that sales of comparable land anywhere were not of too much assistance.
 
 
 9
 Our review of the record convinces us that the Commission's before valuations of $130,000 for all three tracts as an entity was based upon a proper evaluation of the substantial evidence presented. We therefore accept that portion of the Commission's report.
 
 
 10
 The court rejected, however, the commission's after value findings as not supported by any substantial evidence in the record and outside the scope of the properly admitted expert testimony. The $42,500 figure was arrived at any the commission, the court concluded, 'independent of any relation which Parcel A has to the entire tract.' Based on its review of the evidence in the record, and pursuant to Rule 53(e)(2), Fed.R.Civ.P., the court found the after value of the remainder to be $35,000 and just compensation for the taken portion to be $95,000.
 
 
 11
 * Appellants argue that the trial court erred in failing to reject the commission's finding of the before taking value of the unit because the $130,000 figure was outside the range of opinion testimony by appellants' expert witnesses. This argument is premised on the assumption that the 'scope of the evidence' rule in condemnation cases[5] means the factfinder must find a value figure between the extreme dollar amounts admitted as the experts' ultimate value opinions for the property. We reject this contention.
 
 
 12
 While in most cases the verdict of the jury, commission or court falls within that range and is upheld for that reason, cases upholding verdicts outside that range where the verdict is supported by other evidence are numerous: e.g., Chandler v. United States, 372 F.2d 276, 280-281 (10th Cir. 1967); McCandless v. United States, 74 F.2d 596, 603-604 (9th Cir. 1935), rev's on other grounds, 298 U.S. 342, 56 S.Ct. 764, 80 L.Ed. 1205 (1936); Young v. Arkansas State Highway Commission, 242 Ark. 471, 414 S.W.2d 87, 88-89 (1967); Loschi v. Massachusetts Port Authority, 282 N.E.2d 418, 419 (Mass.1972); Appelstein v. Boston Redevelopment Authority, 359 Mass. 746, 269 N.E.2d 224, 224-25 (1971); In re Simmons, 132 App.Div. 574, 116 N.Y.S. 952, 953-954 (1909); Williams v. City of Seattle, 83 P. 242, 243-244 (Wash.1906). See generally 5 Nichols on Eminent Domain 17.3, at 17-41-42 (3d ed. 1969). The rationale for this broader view was explained long ago in Williams v. City of Seattle, supra, where the jury had awarded an amount less than any expert opinion and the landowners attacked the verdict as inadequate, claiming the award must be within the range of expert opinion. The court stated:
 
 
 13
 Answering appellants' contention that there was no evidence to sustain a verdict for less than $400, we call attention to the fact that the placing of an amount upon this property by each of the witnesses as its value was merely the expressing of the opinion of such witness . . .. Each and all of these witnesses gave a description of this property, and stated numerous facts calculated to show its advantages and disadvantages; considerable evidence being given as to the selling price of other real estate in that part of the city. All of this evidence had to do with facts which the jury had a perfect right, and which it was their duty, to consider in arriving at their verdict. The facts thus established by this evidence evidently led the jury to reach an opinion in their own minds which was different from that of any of the witnesses.
 
 
 14
 83 P. at 234-244.
 
 
 15
 Appellants' argument here similarly fails to take into account the substantial body of evidence presented to and considered by the commission.
 
 
 16
 A fair reading of the commission's report discloses that it did not rely on dollar valuations of the parties' experts, but rather on the underlying evidence upon which those opinions were based. Certain portions of that evidence, as presented by both parties' experts, were discredited by the commission. The commission found that the landowners' experts generally overvalued the assortment of buildings on the premises while the government's expert failed to give them adequate consideration; the government's method of determining usable acreage of each parcel was deemed to indicate to 'a greater degree of accuracy the acreage of each field'; and, significantly, the disputed classification of the various types of farmland within the unit was generally found to be more consistent with the government's expert's findings.[6]
 
 
 17
 The trial court acknowledged that the commission's before value finding was some $40,000 below the opinions expressed by landowners' experts, but it concluded that finding was not clearly erroneous because it was supported by substantial evidence in the record. Our task is to review the findings of the trial court, not the commission, and determine whether those findings are clearly erroneous. United States v. Hilliard, 412 F.2d 174 (8th Cir. 1969); United States v. 44.00 Acres of Land, 234 F.2d 410 (2d Cir.), cert. denied sub nom Odenback v. United States, 352 U.S. 916, 77 S.Ct. 215, 1 L.Ed.2d 123 (1956); United States v. Twin City Power Co., 248 F.2d 108 (4th Cir. 1957), cert. denied, 356 U.S. 918, 78 S.Ct. 702, 2 L.Ed.2d 714 (1958). We find no error here.
 
 II
 
 18
 The government, on the other hand, contends in its cross-appeal that Parcel A should have been separately valued (before and after taking) as rural residential property. The trial court properly rejected this contention. It has consistently been held improper to arrive at just compensation by adding together separate values for portions of a single unit of property with different highest and best uses-- the property must be valued as a whole. United States v. Lewis, 308 F.2d 453 (9th Cir. 1962); United States v. Buhler, 305 F.2d 319 (5th Cir. 1962); United States v. Carroll, 304 F.2d 300 (4th Cir. 1962); United States v. 158.76 Acres of Land, 298 F.2d 559 (2d Cir. 1962); United States v. Wateree Power Co., 220 F.2d 226 (4th Cir. 1955); Morton Butler Timber Co. v. United States, 91 F.2d 884 (6th Cir. 1937).
 
 III
 
 19
 The District Court had power under Fed.R.Civ.P. 71A and 53(e)(2) to modify the report of the commission without the necessity of de novo proceedings. United States v. Hilliard, supra.
 
 
 20
 In summary, we hold that the conclusion of the trial court that the three tracts were devoted to a unitary use which subjected Parcel A to severance damages was not clearly erroneous, that its findings with respect to before-taking and after-taking values and the resulting amount of just compensation were supported by the evidence and likewise were not clearly erroneous, and that it correctly applied the applicable law.
 
 
 21
 Affirmed.
 
 
 
 [1]
 Parcel A, 179 acres, was located approximately six miles from the taken tracts. It was used to pasture cattle from April to late Fall. Crops and hay were grown there. A house was located on the tract
 
 
 [2]
 The court refused a government request to decide prior to trial if the three parcels were 'a single tract' as a matter of law and reserved that question for later determination
 
 
 [3]
 The landowners' experts valued tracts 5319, 5508 and Parcel A as a single unit with a highest and best use for agricultural purposes, and their valuations of the before taking value of this unit ranged from $185,000 to $170,000. Their valuation of the after taking value of Parcel A ranged from $36,550 to $30,000. The government witness, who opined that the taken tracts had a fair market value of $65,000 and a highest and best use for agricultural purposes, testified that Parcel A had a highest and best use for suburban residential purposes and as such as worth $54,000 both before and after the taking and whether or not Parcel A was part of a single unit
 
 
 [4]
 The court held that the commission had made this finding and the finding was 'not clearly erroneous for it is based upon substantial and undisputed evidence.' The commission was without authority to reach this conclusion under the alternative finding order and, in fact, did not reach it. The government, however, does not contest this finding on appeal, and the issue, therefore, is not before us. We view the finding as that of the District Court
 
 
 [5]
 The rule is that an award of just compensation will not be disturbed if it is within the scope of the evidence. Generally, this rule can be simply applied by determining whether the award falls within the extremes of the adverse parties' experts' opinion testimony. Evans v. United States, 326 F.2d 827 (8th Cir. 1964); D. H. Overmyer Warehouse Co. v. Kuniansky, 419 F.2d 1280 (5th Cir.), cert. denied, 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 64 (1970); United States v. Benning, 330 F.2d 527 (9th Cir. 1964). These cases, which apply the rule by focusing on the experts' dollar valuations, in no way limit application of the rule to those valuations. It is equally clear that where the totality of the evidence supports the award it will be upheld notwithstanding the fact it is outside the range of all the experts' valuations. E.g., Chandler v. United States, 372 F.2d 276 (10th Cir. 1967)
 
 
 [6]
 However, the government's expert's testimony as to the lesser value of 'wet' bottom cropland compared to bottom cropland was found to be contrary to the evidence. The commission also found that given the evidence on the productivity of these parcels the government witness' opinion of market value was insufficient