PER CURIAM.
 

 This is an appeal from a judgment of the United States Claims Court to the extent that the judgment failed to grant the appellant relief on the issue of liability. The judgment was in accord with the prior decision of the Court of Claims that granted summary judgment for the appellees on that issue.
 
 City of Fulton v. United States,
 
 680 F.2d 115 (Ct.Cl.1982). In this appeal appellant seeks to relitigate the identical issue that that decision resolved against it. Since that prior decision is the law of the case, we affirm.
 

 BACKGROUND
 

 City of Fulton, et al., brought an action in the Court of Claims contending that the government breached its contract for the sale of hydroelectric power by implementing an interim rate increase. On cross motions for summary judgment the appellate division granted the plaintiffs judgment on the issue of liability and remanded the case to the trial division to determine damages.
 
 City of Fulton v. United States,
 
 680 F.2d at 122. As a result of the Federal Courts Improvement Act (the Act), Pub.L. No. 97-164, 96 Stat. 25 (1982) the Court of Claims ceased to exist and its trial functions were assumed by the newly created Claims Court. Under the Act, the Claims Court obtained jurisdiction over the remaining issues in the case.
 
 Id.
 
 § 403(d), 96 Stat. at 58.
 

 The parties settled those issues and the Claims Court ordered an entry of judgment in accordance with that settlement deter
 
 *1256
 
 mining the amounts appellees were to recover. After the Claims Court issued a final judgment,
 
 City of Fulton v. United States,
 
 No. 509-80C (Cl.Ct. January 20, 1984), the government appealed to this court on the issue of liability. The appellant challenges the final judgment for failure to rule in its favor on the issue on which the Court of Claims had granted summary judgment for the appellees.
 

 I
 

 Appellees have filed a motion to dismiss for lack of jurisdiction. They argue that the provision of the Act transferring cases from the Court of Claims to the Claims Court only applied to pending cases, that is, cases where the court had not yet acted. Since the court had acted on the issue of liability before the effective date of the Act, they argue that the government’s only source of appellate review is in the Supreme Court.
 

 We reject that argument. While it is true that this court does not sit in appellate review of the Court of Claims,
 
 Gindes v. United States,
 
 740 F.2d 947, 951 (Fed.Cir.) (Nichols, J., concurring),
 
 cert. denied,
 
 — U.S.-, 105 S.Ct. 569, 83 L.Ed.2d 509 (1984), this court does have the jurisdiction to hear an appeal from a final judgment of the Claims Court. We therefore deny the motion to dismiss.
 

 II
 

 While we do have jurisdiction to hear the appeal, we nevertheless must regard the Court of Claims decision as the law of the case which we would not overrule unless one of three exceptional circumstances exists.
 
 Gindes v. United States,
 
 740 F.2d at 949-950. The only exception arguably present here is the third one, that the Court of Claims decision “was clearly erroneous and would work a manifest injustice.” 740 F.2d at 950. However, the appellant has not made the required “strong showing of clear error.”
 
 United States v. Turtle Mountain Band of Chippewa Indians,
 
 612 F.2d 517, 521 (Ct.Cl.1979) . “Only if we were convinced to a certainty that [the] prior decision was incorrect would we be warranted in now reexamining [it].”
 
 Northern Helex Co. v. United States,
 
 634 F.2d 557, 562 (Ct.Cl.1980) ;
 
 accord Perkin-Elmer Corp. v. Computervision Corp.,
 
 732 F.2d 888, 901, 221 USPQ 669, 679 (Fed.Cir.1984). We are not “convinced to a certainty” that the Court of Claims decision is incorrect. Indeed, with due respect to the Fifth Circuit which reached a contrary result in
 
 United States v. Tex-La Electric Cooperative, Inc.,
 
 693 F.2d 392 (1982), we are convinced the Court of Claims reached the correct result: the interim rate increase was a breach of contract.
 
 *
 

 A fortiori,
 
 the outcome would be the same if we would regard the Court of Claims decision as a binding precedent which may be overruled only by this court sitting in banc.
 
 Capital Electric Co. v. United States,
 
 729 F.2d 743, 746 (Fed.Cir.1984);
 
 South Corp. v. United States,
 
 690 F.2d 1368 (Fed.Cir.1982). Recognizing this, appellant filed a suggestion for a hearing in banc. However, since no member of this panel nor any judge on the court requested a polling on a hearing in banc (Federal Rules of Appellate Procedure 35 and Local Procedural Rule 27) the suggestion for initial hearing in banc is denied. Consequently, if we regarded the Court of Claims decision as binding precedent this panel would be without the ability to alter its result. Nor would we wish to.
 

 Accordingly, the decision of the Claims Court is affirmed.
 

 AFFIRMED.
 

 *
 

 For the proposition that in transferring both the rate formulation and rate approval functions to the Secretary of Energy there was no creation of a power to implement interim rates, we rely in particular on the reasoning of the district court in
 
 United States v. Sam Rayburn Dam Electric Cooperative, Inc.,
 
 No. H-80-1781 (S.D.Tex. August 13, 1982),
 
 vacated and judgment for plaintiff entered,
 
 No. H-80-1781 (S.D.Tex. April 25, 1983) (pursuant to
 
 United States v. Tex-La Electric Cooperative, Inc.,
 
 693 F.2d 392 (5th Cir.1982)),
 
 aff’d,
 
 712 F.2d 1414 (5th Cir.1983),
 
 cert. denied,
 
 — U.S.-, 104 S.Ct. 997, 79 L.Ed.2d 230 (1984).