784 F.2d 361
 Cloide C. BRANNING, d/b/a Pleasant Point Plantation, a
Partnership, Appellee/Cross-Appellant,
and
Morgan Guaranty Trust Company of New York, Appellee,
v.
UNITED STATES, Appellant/Cross-Appellee.
 Appeal Nos. 85-2535, 85-2536.
 United States Court of Appeals,
Federal Circuit.
 Feb. 14, 1986.
 
 David C. Shilton, Dept. of Justice, Washington, D.C., argued, for appellant/cross-appellee. With him on the brief were F. Henry Habicht, II, Asst. Atty. Gen., Robert L. Klarquist and Susan V. Cook, Richard W. Eddy, Dept. of the Navy, Washington, D.C., of counsel.
 Paul Martin Wolff, Williams & Connolly, Washington, D.C., argued, for appellee/cross-appellant Branning. With him on the brief were Robert P. Watkins and F. Whitten Peters.
 Joseph R. Bankoff, King & Spalding, Atlanta, Ga., argued, for appellee Morgan Guar.
 Before BALDWIN, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.*
 COWEN, Senior Circuit Judge.
 
 
 1
 Appellant (the Government) seeks reconsideration of a 1981 decision of the United States Court of Claims (Court of Claims), which held that the United States was liable for a Fifth Amendment taking of the property of Cloide C. Branning (Branning). Appellee, Morgan Guaranty Trust Company of New York (Morgan), which had an equitable interest in the property, joined in the suit in the Court of Claims as a third-party plaintiff. Branning filed a cross-appeal from a decision and judgment by the United States Claims Court (Claims Court), which determined the amounts he and the third-parties are entitled to recover as just compensation for the taking of the property, plus interest and other amounts allowed them as reimbursement for reasonable expenses, including reasonable attorney fees, actually incurred in the proceedings. We hold that the decision of the Court of Claims is the law of the case and decline to re-examine that decision. Also, we affirm the decision and judgment of the Claims Court.
 
 BACKGROUND
 
 2
 After suit was filed for the recovery of just compensation for the alleged taking of the Branning property, the Court of Claims severed the issues in accordance with a long-prevailing practice in that court. After a trial on the issue of the Government's liability, the Court of Claims rendered a decision in July 1981 (228 Ct.Cl. 240, 654 F.2d 88), in which the court held that the United States had taken an avigation easement or easement of flight in the airspace above the land then owned by Branning in Beaufort County, South Carolina. The court found that the taking of the easement had occurred as a result of flights by heavy military jet aircraft through the airspace above the property in a pattern known as Field Mirror Landing Practice, and that the easement had been taken when aircraft flew above the property at an altitude of 600 feet, with noses up and tails down, and with the maximum amount of power and noise associated with low speed.
 
 
 3
 Following this adverse decision, the Government obtained an extension of time within which to file a petition for a writ of certiorari to the Supreme Court, but later elected not to file the petition within the time allowed.
 
 
 4
 As a result of the Federal Courts Improvement Act, Public Law 97-164, 96 Stat. 25 (1982), the Court of Claims ceased to exist, and its trial functions were assumed by the newly created Claims Court, which obtained jurisdiction over the remaining issues in the case pursuant to 28 U.S.C. Sec. 403(d) of Public Law 97-164 (1982).
 
 
 5
 Following a trial held to determine the amount Branning and the third parties are entitled to recover, the Claims Court held that the fair market value of Branning's property had been diminished as a result of the taking to the extent of $2 million, and that as a part of just compensation, Branning and the third parties are entitled to recover an amount equivalent to simple interest at the rate of 7 1/2% for the year 1975, at the annual rate of 8 1/2% for the years 1976-79, and for the year 1980 and thereafter to the date of payment at a rate to be established by the Secretary of the Treasury pursuant to Public Law 92-41, 85 Stat. 97 (1971). 6 Cl.Ct. 618 (1984). In accordance with that decision, the Claims Court entered judgment on May 1, 1985, for the principal award and interest, and for an additional amount allowed as a reimbursement for reasonable costs, disbursements, and expenses, including reasonable attorney fees, actually incurred in the proceedings. 7 Cl.Ct. 777 (1985).
 
 
 6
 Although it persisted in its insistence that the liability ruling of the Court of Claims was erroneous, the Government filed a brief in this case as cross-appellee in which it contends that if it is assumed that there was a taking of the Branning property, the decision and judgment of the Claims Court should be upheld by this court.
 
 DISCUSSION
 I.
 
 7
 As Government counsel recognized during oral argument, the 1981 decision of the Court of Claims is the law of the case. Consequently, in attempting to obtain a reversal of that decision, the Government is charged with the heavy burden of demonstrating that this is an exceptional case in that the decision is clearly erroneous and would work a manifest injustice. White v. Murtha, 377 F.2d 428, 431 (5th Cir.1967).
 
 
 8
 This appeal is in the same posture which this court faced in Gindes v. United States, 740 F.2d 947 (Fed.Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 569, 83 L.Ed.2d 509 (1984). There, the Court of Claims ruled against appellants in an interlocutory decision and remanded the remaining issue of damages. After the Claims Court obtained jurisdiction, judgment was entered in accordance with a settlement, and Gindes appealed to this court. In affirming the decision on the ground that the law of the case applied, this court stated:
 
 
 9
 "[O]nce a case has been decided on appeal, the rule adopted is to be applied, right or wrong, absent exceptional circumstances, in the disposition of the lawsuit. Schwartz v. NMS Industries, Inc., 575 F.2d 553, 554 (5th Cir.1978)." United States v. Turtle Mountain Band of Chippewa Indians, 222 Ct.Cl. 1, 612 F.2d 517, 520-21 (1979)). The doctrine rests upon the important public policy that "[n]o litigant deserves an opportunity to go over the same ground twice, hoping that the passage of time or changes in the composition of the court will provide a more favorable result the second time." Id. "The purpose of the law-of-the-case-principle is to provide finality of judicial decisions." Id. 612 F.2d at 521.
 
 
 10
 740 F.2d at 949.
 
 
 11
 The gist of the Government's contentions is that the ruling of the Court of Claims is in conflict with several prior decisions of that court which held that flights in the public airspace above 500 feet are immune from taking claims. With minor additions which we find insignificant, this is the same argument which was previously made to and rejected by the Court of Claims after discussing most of the cases relied on by the Government in this appeal. See 654 F.2d at 96-102.
 
 
 12
 In its decision, the Court of Claims emphasized that its holding was based on the peculiar facts found by the trial judge, and stated:
 
 
 13
 A vital factor of this case is that defendant devised an exercise to prepare trainees for future landings on aircraft carriers, in which heavy jet aircraft followed one another almost nose to tail in an unvarying loop over plaintiff's land. * * * Defendant could have performed this exercise elsewhere but selected airspace over plaintiff's land for it because alternative locations were deemed even more objectionable. Thus, plaintiff was consciously singled out or selected to bear a burden which defendant also consciously elected not to impose on others, even others otherwise similarly situated. This is a classic statement of a taking situation.
 
 
 14
 654 F.2d at 90.
 
 
 15
 The facts before the court were not only unusual, but may be unique. In view of these circumstances, we find that the decision is supported not only by Aaron v. United States, 160 Ct.Cl. 295, 311 F.2d 798 (1963), but also by Griggs v. Alleghany County, 369 U.S. 84, 88-89, 82 S.Ct. 531, 533, 7 L.Ed.2d 585 (1962). See also United States v. Causby, 328 U.S. 256, 264, 66 S.Ct. 1062, 1067, 90 L.Ed. 1206 (1946).
 
 
 16
 In City of Fulton v. United States, 751 F.2d 1255, 1256 (Fed.Cir.), cert. granted, --- U.S. ----, 105 S.Ct. 3523, 87 L.Ed.2d 649 (1985), the court, in upholding a previous decision of the Court of Claims as the law of the case, quoted the following from Northern Helex Co. v. United States, 225 Ct.Cl. 194, 634 F.2d 557, 562 (1980):
 
 
 17
 Only if we are convinced to a certainty that the prior decision was incorrect would we be warranted in now re-examining it.
 
 
 18
 Here, as there, the Government has not convinced us to a certainty that the 1981 decision of the Court of Claims was clearly erroneous and would work a manifest injustice if allowed to stand. Therefore, we decline to re-examine that decision.
 
 II.
 
 19
 The decision of the Claims Court is set forth in a comprehensive opinion filed by Senior Judge Mastin White. His well-drawn findings of fact include a thorough analysis of the testimony of the expert witnesses, and his well-reasoned conclusions have correctly applied the law to the facts as found. The several experts who testified varied greatly in their opinions of the value of the property before and after the taking. Since the trial judge found that no witness had provided a satisfactory answer to the question of the fair market value of the property prior to the taking, he found it necessary to utilize a "jury verdict" approach in which he considered the entire record, including the testimony of the expert witnesses, in determining the amount of just compensation to be awarded. The approach he used under these circumstances has been approved by the courts in the several decisions cited in his opinion. In view of the record, the scope of our review of the trial judge's findings on the valuation of the property is a narrow one and subject to the clearly erroneous standard of Fed.R.Civ.P. 52(a). In numerous cases involving the value of property in condemnation cases, the courts have held that where the totality of the evidence supports the award, it will be upheld, even if it is contrary to and outside the range of the valuations of the expert witnesses. See e.g. United States v. 1162.65 Acres of Land, 498 F.2d 1298, 1301 (8th Cir.1974) and cases cited therein. In applying the applicable standard of review, we find that Branning has failed to show that any material finding of fact by the trial judge is clearly erroneous, or that he committed errors of law which require reversal.
 
 
 20
 Although Branning contends that the Claims Court should have used compound rather than simple interest in computing the amount of the judgment, the record is clear that he has failed to show entitlement to the higher rate. Branning failed to produce any evidence during the trial of the case that an allowance of simple interest would be inadequate to provide just compensation. Consequently, his reliance on Dynamics Corporation of America v. United States, 766 F.2d 518 (Fed.Cir.1985) is misplaced. There the court remanded the issue to the Claims Court to determine if compound interest should be allowed, in light of undisputed evidence showing that under the facts and circumstances involved, the use of simple interest would be inequitable. See 766 F.2d at 520 n. 5. The use of simple interest has been approved in several decisions by the Court of Claims and by the Claims Court, including Miller v. United States, 223 Ct.Cl. 352, 620 F.2d 812 (1980) and Foster v. United States, 3 Cl.Ct. 738 (1983), which were relied on by the trial judge.
 
 CONCLUSION
 
 21
 In its decision in The Minnesota Rate Cases, 230 U.S. 352, 434, 33 S.Ct. 729, 754, 57 L.Ed. 1511 (1913), the Supreme Court declared that:
 
 
 22
 The ascertainment of * * * value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts.
 
 
 23
 After a careful consideration of the record, as well as the briefs and argument of counsel, we conclude that Judge White's opinion meets the requirement stated by the Supreme Court. Therefore, we affirm the decision and judgment of the Claims Court on the basis of his opinion.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Government's suggestion for an in banc hearing was denied in the court's order of December 24, 1985