**VALCON II, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 90–296 C, 91–1137.**

United States Claims Court.

July 2, 1992.

---

See also 24 Cl.Ct. 479.

Dermot Rigg, Houston, Tex., for plaintiff.

Christopher R. Yukins, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen and Thomas W. Petersen, Washington, D.C., for defendant. Harold Dantone, Nat. Aeronautics and Space Admin., of counsel.

## OPINION AND ORDER

JAMES T. TURNER, Judge.

These consolidated actions arise from a fixed-price contract between plaintiff ("Valcon") and the National Aeronautics and Space Administration ("NASA") to construct an addition to the Systems Integration and Mock-up Laboratory at the Johnson Space Center in Houston, Texas. In No. 90–296 C, Valcon claims delay damages related to construction of the roof and fireproofing of an electrical equipment room.[1] Valcon also requested attorney fees pursuant to the court's equitable powers. The government filed a motion for partial summary judgment and a motion to dismiss plaintiff's claim for attorney fees on April 3, 1992. The government contends that the delay claims are barred by

---

**1.** In No. 90–296 C, Valcon also alleges that the government owes it ten other identifiable sums. The total amount alleged to be due is $169,991.98.

In No. 91–1137, Valcon appeals from an adverse decision by the contracting officer concluding that Valcon owed the government $26,432.05. The contracting officer, in a final decision, concluded that Valcon owed the government $78,149, the amount NASA spent completing the project, and that the government owed Valcon $51,716.95 for various contract modifications. As a result, the contracting officer demanded $26,432.05 from Valcon. In its complaint, Valcon seeks the entire $169,991.98 requested in No. 90–296 C and further seeks a declaration that the government is not entitled to the $26,432.05.

the doctrine of accord and satisfaction. The government also contends that Valcon's request for attorney fees should be dismissed as lacking a jurisdictional base or as premature. Oral argument was conducted on June 29, 1992. We conclude that the government's motion for partial summary judgment should be granted and that the government's motion to dismiss Valcon's request for attorney fees should be denied.

## I

On April 1, 1987, NASA and Valcon entered the contract in suit. During the course of performance, numerous modifications were made to the contract, including several that relate to the delay claims at issue here.

### Roofing Delay

On October 26, 1987, NASA's agent issued a document requesting Valcon to delay purchasing roofing materials while NASA considered changing the specifications. Thereafter, further correspondence had the effect of delaying Valcon's ability to begin building the roof.

On April 27, 1988, NASA issued unilateral Modification No. 26C which directed Valcon to proceed with the work described in Facility Change Request (FCR) 17788–18 which was attached to the modification. FCR 17788–18 requested certain additional items of roofing work including an additional walkway, revised flashing, an additional cleat to secure parapet flashing, a revised expansion joint, increased insulation, walkway padding under each lightning rod base, and fastening for full sheets of roofing.

Several days later, Valcon responded to the modification with a demand for payment for the additional roofing work and a demand for reimbursement for the additional time. Valcon assessed the time cost at $47,727 for 106 additional days, beginning on April 28, 1988, the day it received Modification No. 26C. In a letter dated July 12, 1988, Valcon again requested compensation for the roofing delay in the amount of $450.25 per day for 106 days, totalling $47,726.50. Both of these written requests specifically referenced Modification No. 26C.

On September 22, 1988, the parties entered a bilateral modification to the contract, Modification No. 33S, which increased the contract price by $22,061.93 for the extra work detailed in FCR 17788–18. The modification did not specifically address Valcon's claim concerning extra days. Modification No. 33S contained a release which stated:

> In consideration of the modification agreed to herein as complete and equitable adjustment for all work identified in claim for the expenses for extra work dated February 11, 1988, [FCR 17788–18] the contractor hereby releases the Government from any and all liability under this contract for further adjustment attributable to such facts and circumstances giving rise to the claim for the expenses for the extra work, [FCR 17788–18].

Then, on December 19, 1988, Valcon resubmitted its claim for compensation for the 106–day delay associated with the additional roofing work and, on April 6, 1989, added 39 days to its "time charge" invoice, bringing the new total to $65,286.25.[2]

### Fireproofing Delay

On August 2, 1988, a representative of the contracting officer directed Valcon to

---

**2.** Valcon's letter dated April 6, 1989 stated:
We invoice you for "Time Charge" from April 28, 1988, the beginning of the roof delay, to June 6, 1988, the date when we received the roof revisions in an A.V.O. dated June 2, 1988.

    39 Days × $450.25/day    $17,559.75

Also "Time Charge" from June 7, 1988 to September 21, 1988, which represents the 106 days we scheduled on the first construction progress chart.

  106 days × $450.25/day    $47,726.50
                    Total    $65,286.25

Apparently at this point Valcon is dividing its delay claim into two components—a delay compensable under the Suspension of Work clause and a delay compensable under the Changes clause. In any event, this distinction is not relevant to the issue of whether there was an accord and satisfaction.

fireproof an electrical equipment room at the project. In response, Valcon notified NASA that it considered this a direction for extra work not required by the contract. A week later, Valcon sent an itemized list of costs to NASA. Valcon noted that its costs for the additional work would be $1,533.49 and that the addition would require three extra days.

On August 19, 1988, NASA issued FCR 17788–25 which was a formal request for the changed work requested by the contracting officer's representative. FCR 17788–25 directed Valcon to "[u]pgrade the construction of the north and west walls of the electrical equipment room, Room 110, to achieve a 2 hour fire rating."

FCR 17788–25 was incorporated into a bilateral modification to the contract, Modification No. 34S. Modification No. 34S stated that for the work requested in FCR 17788–25, the contract price was to be increased by $1,533.49. It did not expressly address Valcon's request concerning extra days required. Modification No. 34S also included a release which provided:

> In consideration of the modification agreed to herein as complete and equitable adjustments for all work identified in FCR 17788–25 dated August 19, 1988, the contract[or] hereby releases the Government from any and all liability under [the] contract for further adj[us]tment attributable to such fa[ct]s or circumstances giving rise to FCR 17788–25 dated August 19, 1988.

Nonetheless, on April 6, 1989, Valcon submitted an invoice in the amount of $16,209 for time costs from September 22, 1988 through October 28, 1988.[3]

In August 1989, Valcon submitted a claim to the contracting officer requesting, *inter alia*, compensation for the delays associated with the additional roofing work and fireproofing work. The contracting officer denied both claims. Hence, on April 5, 1990, Valcon filed its complaint in No. 90–296 C. The claims that are the subject of the government's motion for partial summary judgment include: (1) "[c]harges for labor relating to a delay requested by NASA to work performed on the roof—$65,286.25" (paragraph 10.h of plaintiff's complaint) and (2) "[c]harges for performing fire proofing in the electrical equipment room—$16,209.00" (paragraph 10.k of plaintiff's complaint).

## II

■ In its amended answer, the government asserted the affirmative defense of accord and satisfaction in response to the delay claims. Specifically, the government contends that the general releases that were a part of the bilateral modifications barred Valcon from raising the claims for roofing and fireproofing delays. Valcon contends that the bilateral modifications and the releases contained in these modifications do not extend to its claims for delay.

■ "Accord and satisfaction denotes 'one of the recognized methods of discharging and terminating an existing right' and constitutes 'a perfect defense in an action for the enforcement of a previous claim, whether that claim was well founded or not.'" *Chesapeake & Potomac Tel. Co. v. United States*, 228 Ct.Cl. 101, 108, 654 F.2d 711, 716 (1981) (quoting 6 Arthur L. Corbin, *Corbin on Contracts* § 1276 (1962)). An accord is a contract between two parties for the settlement of an existing claim, *id.*; a satisfaction is the execution or performance of the settlement agreement. *Id.* A party claiming an accord and satisfaction must show "'proper subject matter, competent parties, meeting of the minds of the parties, and consideration.'" *Brock & Blevins Co. v. United States*, 170 Ct.Cl. 52, 59, 343 F.2d 951, 955 (1965) (quoting *Nevada Half Moon Mining Co. v. Combined Metals Reduction Co.*, 176 F.2d 73, 76 (10th Cir.1949), *cert. denied*, 338 U.S. 943, 70 S.Ct. 429, 94 L.Ed.

---

**3.** It is not clear why Valcon requests compensation for thirty-six extra days at this point when it initially estimated that the fireproofing work would take three extra days. Valcon has not clearly specified the provision under which it asserts this claim. In any event, because the claim is barred by the doctrine of accord and satisfaction, it is not necessary to resolve this discrepancy.

581 (1950)). Generally, an executed bilateral contract modification that contains no reservation of rights constitutes an accord and satisfaction. *See Brock & Blevins Co.*, 170 Ct.Cl. at 58–59, 343 F.2d at 955; *Cannon Constr. Co. v. United States*, 162 Ct.Cl. 94, 100, 319 F.2d 173, 177 (1963).

There is no dispute that Modification Nos. 33S and 34S satisfy each of the elements listed above. Furthermore, it is clear that Valcon did not explicitly reserve its claims for delay damages.

The real issue in dispute is the extent to which these modifications bar the delay claims at issue here, which were not specifically addressed in the modifications. The releases, both of which track the language of FAR 43.204,[4] are identical, with the exception of references to the specific change orders. They both state that the government is released from "any and all liability" for claims "attributable to such facts and circumstances giving rise to" the claims that were expressly addressed by the modifications. Valcon contends, however, that the language in the releases either plainly does not extend to delay claims or alternatively that it is ambiguous and should be read against the government.

It is well-settled that "a court should ascribe to contract language 'its ordinary and commonly accepted meaning,' without twisted or strained analysis." *Hughes Aircraft Co. v. United States*, 15 Cl.Ct. 550, 553 (1988) (quoting *Hol–Gar Mfg. Corp. v. United States*, 169 Ct.Cl. 384, 390, 351 F.2d 972, 976 (1965)). In accordance with this principle, it is plain that Valcon released all claims arising out of the same incident that led to the modifications. The language of the releases focuses on the facts which resulted in the modification. The clear import of this language leads to the conclusion that any claim based upon the roofing and fireproofing change orders is barred. Moreover, it would require contortion of the phrase "any and all liability" to conclude that the releases only bar claims for additional work and not for delay associated with such work. We conclude that the language of these releases unambiguously bars Valcon's roofing and fireproofing delay claims.

Finally, we conclude that it is irrelevant that the claim for fireproofing delay pertains to a delay occurring after the execution of the modification and release. The Court of Claims has held that "a general release bars claims based upon *events* occurring prior to the date of the release." *Johnson, Drake & Piper, Inc. v. United States*, 209 Ct.Cl. 313, 330, 531 F.2d 1037, 1047 (1976) (emphasis added). Here, the event that led to the fireproofing delay was the change order contained in Modification No. 34S.

Furthermore, it is clear that Valcon believed it had a delay claim when it executed the release in Modification No. 34S. Prior to its execution, Valcon submitted a list of itemized costs for the proposed change that included a request for three additional days. Despite NASA's failure to compensate Valcon for those extra days, Valcon signed a general release. Hence, by the time the release in Modification No. 34S was executed, Valcon was fully aware of the facts underlying its delay claim.

Accordingly, we conclude that the releases contained in Modification Nos. 33S and 34S, and executed by Valcon, bar Valcon's claims for roofing and fireproofing delays. Summary judgment should be granted in favor of the government on these claims.

### III

The government also requests that we dismiss Valcon's claim for attorney fees. In its complaint, Valcon requested attorney fees pursuant to the court's equitable powers. The government contends that the principle of sovereign immunity prevents this court from awarding attorney fees absent a specific statute providing for attorney fees, and, alternatively, the government contends that if this request is deemed to be pursuant to the Equal Access

---

4. FAR 43.204(c) says that this release should be included in supplemental agreements in order "[t]o avoid subsequent controversies that may result from a supplemental agreement containing an equitable adjustment as the result of a change order."

to Justice Act, 28 U.S.C. § 2412 (1988) (EAJA), then it is premature.

To the extent that Valcon's request for attorney fees can be construed as a "claim," the government is correct in asserting that the claim should be dismissed. It is true that there must be a statutory basis for a claim for attorney fees against the United States. *See Chiu v. United States,* 948 F.2d 711, 714 (Fed.Cir.1991). Moreover, it is also true that an applicant for attorney fees must be a "prevailing party" before being entitled to attorney fees under the EAJA. *See Keasler v. United States,* 766 F.2d 1227, 1229 n. 4 (8th Cir.1985) (holding that a request for attorney fees in plaintiff's complaint was not a timely application); *Dynamics Corp. of America v. United States,* 5 Cl.Ct. 591, 620 n. 27 (1984), *aff'd in part and rev'd in part,* 766 F.2d 518 (Fed.Cir.1985).

 The issue is whether Valcon's request for attorney fees is properly characterized as a "claim." A demand for judgment, or prayer, is not part of the claimant's cause of action. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 (2d ed. 1990). Hence, the selection of an improper form of relief in the demand for judgment is not subject to dismissal.

Valcon's request for attorney fees is located both in the demand for judgment *and* in the body of the complaint. Nonetheless, even when found in the body of the complaint, a request for attorney fees is still simply a demand for a particular remedy. RUSCC 8(a), which sets out the components of a complaint, does not require a party to frame his demand for judgment in any particular way. *See* Wright & Miller, *supra,* at 366 (discussing the analogous Federal Rule of Civil Procedure). Moreover, RUSCC 8(e), which states that "[a]ll pleadings shall be so construed as to do substantial justice," suggests that it is proper for a court to construe an allegation as part of the demand for judgment, as opposed to the substantive claim, when to do so would further the interests of the parties and the court.

We conclude that Valcon's request for attorney fees should not be construed as a "claim" requiring dismissal. It is clear that Valcon's substantive claim is for breach of contract and that the request for attorney fees is merely boilerplate language much like a request for costs or an open-ended request for such relief as the court deems just. Moreover, dismissing this request would not benefit the government in any way because Valcon would still be able to apply for attorney fees under the EAJA within 30 days after the entry of the final judgment. *See Dynamics Corp. of America,* 5 Cl.Ct. at 620 n. 27 (dismissing a premature application under the EAJA without prejudice). Accordingly, no useful purpose is served by treating the request as a "claim." Instead, to construe the request as a "claim" defeats this court's interest in promoting judicial economy.

IV

Based on the foregoing, defendant's motion for partial summary judgment is GRANTED to the extent that it seeks dismissal of paragraphs 10.h and 10.k of the complaint in No. 90–296 C and DENIED to the extent that it seeks dismissal of plaintiff's request for attorney fees.

Entry of judgment pursuant to this ruling shall be withheld until all remaining issues are resolved.