JACK R. MILLER, Senior Circuit Judge.
 

 This appeal is from the decision and judgment of the United States Claims Court that Dynamics Corporation of America (“DCA”) is entitled, under 28 U.S.C. § 1498, to a total payment, as reasonable royalty plus delay damages (to and including May 31, 1984), in the amount of $11,-529,195; and that from June 1,1984, to and including the date of payment of the judgment, DCA is further entitled to additional delay damages of $1,403 per day. The payment and damages are based on unauthorized manufacture and use of the invention of Rawley D. McCoy covered by Patent No. 2,967,997.
 

 On the basis of its opinion,
 
 [1]
 
 we affirm the Claims Court in all respects except in its use of simple rather than compound interest in calculating delay damages as part of “reasonable and entire compensation.” On this issue, we reverse and remand.
 

 The Claims Court properly observed that an award of delay damages under 28 U.S.C. § 1498 is an attempt “to repay the patentee for the loss of money to which it had a right.” It concluded that “delay interest rates should be set to adequately compensate the patentee for the lost use of its money during the relevant accounting period” (1976 forward),
 
 [2]
 
 citing
 
 Lam, Inc. v. Johns-Manville Corp.,
 
 718 F.2d 1056, 1066, 219 USPQ 670, 676 (Fed.Cir.1983) (prime interest rates approved), and
 
 Bendix Corp. v. United States,
 
 676 F.2d 606, 616 (Ct.Cl.1982), in which the Court of Claims approved use of the prime interest rate computed under 26 U.S.C. § 6621(b) (for interest on tax deficiencies or overpayments).
 
 [3]
 

 As to DCA’s argument that compound interest rather than simple interest should be used in calculating delay compensation, the Claims Court noted that this court recently affirmed a district court’s judgment which included compounded prejudgment interest in a patent infringement case under 35 U.S.C. § 284,
 
 Railroad Dynamics,
 
 
 *520
 

 Inc. v. A. Stucki Co.,
 
 727 F.2d 1506, 1510 n. 1, 220 USPQ-929, 934 n. 1 (Fed.Cir.),
 
 cert. denied,
 
 — U.S.-, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984). Nevertheless, the Claims Court concluded that the statutory standard of “reasonable and entire compensation” in 28 U.S.C. § 1498 is the equivalent of the Fifth Amendment’s “just compensation” in which interest is not awarded as such, but, rather, is considered to be a part of the “compensation,”
 
 [4]
 
 and that “[traditionally, it has always been limited to simple interest,” citing
 
 Bendix Corp. v. United States, supra,
 
 where simple prime rate interest was approved, and
 
 Calhoun v. United States,
 
 453 F.2d 1385, 172 USPQ 438 (Ct.Cl.1972), where the court stated that “simple interest (as part of just compensation) is to accrue.”
 

 We are persuaded that, based on the facts and circumstances in a particular case,
 
 [5]
 
 compound interest may more nearly fit with the policy “to accomplish complete justice as between the plaintiff and the United States” under the just compensation clause of the Fifth Amendment.
 
 Waite v. United States,
 
 282 U.S. 508, 51 S.Ct. 227, 75 L.Ed. 494 (1931). Moreover, we do not consider that what may have been “traditional,” without a clear holding by one of our predecessor courts that delay 'damages cannot include compound interest, is binding precedent on this court under
 
 South Corporation v. United States,
 
 690 F.2d 1368, 215 USPQ 657 (Fed.Cir.1982). However, 28 U.S.C. § 1961(c)(3) appears to require the Claims Court to allow compounded interest on judgments, but is silent on prejudgment interest. We note that no reference is made in the Claims Court’s opinion to 28 U.S.C. § 1961 and its effect on delay damages from and after judgment herein.
 

 Accordingly, the decision and judgment of the Claims Court are affirmed in part, reversed in part, and remanded. On remand, the Claims Court should consider (1) whether, taking into account this opinion and 28 U.S.C. § 1961, “reasonable and entire compensation” may include compounded interest in calculating prejudgment interest for purposes of delay damages,
 
 [6]
 
 and (2) if so, whether it should be allowed under the facts and circumstances of this case. Recomputation of delay damages from judgment date and thereafter appears to be indicated by 28 U.S.C. § 1961.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED
 

 [1]
 

 . Reported at 5 Cl.Ct. 591 (1984). The liability phase of this case is reported
 
 sub nom. Rel-Reeves, Inc. v. United States,
 
 534 F.2d 274 (Ct.Cl.1976).
 

 [2]
 

 . The Claims Court noted that the parties were in agreement on the rate of delay interest damages for the years 1961 through 1975. The Government argued for a rate of 8% per annum for 1976 forward. DCA argued for 9.6% for 1976 through 1980, 12% for 1981, and 20% for 1982 until payment of the judgment.
 

 [3]
 

 . The Claims Court also cited
 
 General Motors Corp. v. Devex Corp.,
 
 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983), in which the Supreme Court stated that both the background and language of 35 U.S.C. § 284 are evidence of the fundamental purpose of Congress to afford patent owners "complete compensation” and that "in the typical case" prejudgment interest should ordinarily be awarded “to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement.” (Footnote omitted.)
 

 [4]
 

 .
 
 See Leesona Corp. v. United States,
 
 599 F.2d 958 (Ct.Cl.),
 
 cert. denied,
 
 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).
 

 [5]
 

 . DCA’s expert witness, Dr. Enrique Arzac, Professor of Finance and Economics and head of the Finance Department at Columbia Union College School of Business, testified without rebuttal that the appropriate method for calculating delay damages to make DCA whole would be by using compound interest and showed the inequity of using simple interest.
 

 [6]
 

 . We note that the legislative history of the Federal Courts Improvement Act of 1982, in commenting on the necessity for awarding prejudgment interest to compensate a plaintiff, uses an example showing application of compounded interest. S.Rep. No. 275, 97th Cong., 2d Sess. 30 (1981),
 
 reprinted in
 
 1982 U.S.Code Cong. & Ad. News 11, 40.