## BIO–RAD LABORATORIES, INC., etc., Appellant,

v.

## NICOLET INSTRUMENT CORPORATION, etc., Appellee.

Appeal No. 86–840.

United States Court of Appeals, Federal Circuit.

Dec. 16, 1986.

Baldwin, Senior Circuit Judge, filed concurring opinion.

---

**37.** *See, e.g., Stratoflex,* 713 F.2d at 1540–41, 218 USPQ at 880.

Robert J. Sheran, Lindquist & Vennum, Minneapolis, Minn., argued, for appellee. With him on brief, was Robert J. Sheran.

Before FRIEDMAN, Circuit Judge, and NICHOLS and BALDWIN, Senior Circuit Judges.*

FRIEDMAN, Circuit Judge.

The sole issue in this case, here on appeal from an order of the United States District Court for the Northern District of California, is whether the court improperly limited the amount of prejudgment interest awarded to the prevailing plaintiff in a patent suit. The award of prejudgment interest was made pursuant to our remand in the earlier appeal in this case. *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 739 F.2d 604, 222 USPQ 654 (Fed.Cir.), *cert. denied*, 469 U.S. 1038, 105 S.Ct. 516, 83 L.Ed.2d 405 (1984). We vacate the district court's award of prejudgment interest and remand for further proceedings in accordance with this opinion.

### I

A. In June 1980, appellant Bio-Rad Laboratories, Inc. (Bio-Rad) informed appellee Nicolet Instrument Corporation (Nicolet) that Nicolet's "MX–ECO" epitaxial thickness gauge, an electronic device that rapidly measures the crystalline surface layer on semi-conductors, which Nicolet had begun selling in 1980, appeared to infringe U.S. Patent No. 3,319,515, of which Bio-Rad was the exclusive licensee. Bio-Rad demanded that Nicolet cease all infringing activities.

Nicolet denied infringement, disputed the validity of the patent, and continued its activities. The parties exchanged contentions through letters dated August 4, 1980, September 9, 1980, and October 30, 1980, but were unable to resolve the dispute.

Bio-Rad filed suit on June 22, 1981. At the first status conference, held in November 1981, a discovery schedule was established and trial was scheduled for October 4, 1982. During discovery, Bio-Rad resist-

Roger L. Cook, Townsend & Townsend, San Francisco, Cal., argued, for appellant. With him on brief, were J. Georg Seka, David N. Slone and Robert Barr.

* Judge Baldwin took senior status on November 25, 1986.

ed producing a number of documents—the record is ambiguous regarding the sequence of actions by counsel for the parties, the district judge, and the magistrate in charge of discovery. Although Nicolet alleges that Bio-Rad wrongfully withheld documents that were ordered produced, Nicolet did not seek and the court did not impose sanctions for Bio-Rad's conduct.

After a 44-day jury trial before Judge Burke, to whom the case was assigned four days before the trial began on October 5, 1982, the jury found all claims of the patent valid and infringed, and awarded Bio-Rad $3,078,000 in compensatory damages. Nicolet moved for judgment notwithstanding the verdict, alternatively for a new trial, and to deny enforcement of the patent for misuse. The trial court denied all three motions, and entered judgment on the verdict effective January 7, 1983. The court granted postjudgment but denied prejudgment interest.

In the prior appeal, we affirmed the district court's judgment in all respects other than the denial of prejudgment interest. We vacated that denial and remanded to the district court "for an award of prejudgment interest or a determination that some specific justification exists for denying prejudgment interest." 739 F.2d at 618, 222 USPQ at 665.

B. On remand to the district court, Bio-Rad sought prejudgment interest at the rate of 15 percent, based on the average rate it paid on its corporate borrowings from early 1980 through the end of the trial in December 1982. At a hearing, the district court requested that Bio-Rad submit a modified calculation, using the rate that a "reasonably sound corporate borrower" would have paid during the period in question, and calculated from the date of each infringement, adjusted for the normal time lag between delivery and payment. Bio-Rad submitted the requested calculation, using the average annual prime rate, compounded annually. Bio-Rad also submitted Federal Reserve statistics and an affidavit of an expert supporting its new calculations. The revised calculation resulted in $737,074 prejudgment interest through June 28, 1985.

Nicolet apparently presented no evidence or argument regarding appropriate prejudgment interest, but instead urged the trial court to deny or reduce Bio-Rad's prejudgment interest because of Bio-Rad's recalcitrance in producing documents before and during the trial.

In a brief order, the district court awarded Bio-Rad prejudgment interest for a nine-month period, based upon "the California state rate of prejudgment interest, 7%, uncompounded," of $161,595. The court made the following findings explaining the basis for that award:

(1) Bio-Rad's conduct during discovery led to unreasonable delays in bringing the case to trial and in entry of judgment; (2) but for those delays, trial of the case could have commenced in nine months, rather than in the approximately 15 month period actually consumed from filing of the Complaint on June 22, 1981 until commencement of trial on October 4 [sic: 5], 1982 and judgment could therefore have been entered earlier; (3) all but 9 months of the time spent by Bio-Rad in prosecuting the case prior to commencement of trial represents a period of undue delay and Bio-Rad should not be awarded prejudgment interest for that period of delay; (4) Bio-Rad's counsel engaged in dilatory action during the discovery process, which should be taken into account when determining Bio-Rad's entitlement to prejudgment interest; and (5) based on the findings (1), (2), (3) and (4) above, the appropriate term over which prejudgment interest shall be calculated is nine months and an appropriate rate of interest in this case is the California state rate of prejudgment interest, 7%, uncompounded.

The Court recognizes the necessarily inexact nature of its finding that the case could have been brought to trial within nine months; however, this is based upon the Court's estimate that such is the speed with which such a case could have been brought to trial if prosecuted with

reasonable diligence and without Bio-Rad's unreasonable delay in producing documents. The Court adopts in principle the arguments presented by Nicolet to that effect.

## II

In *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211, 217 USPQ 1185 (1983), the Supreme Court held that in view of the requirement in 35 U.S.C. § 284 (1982) that the court "shall award" the successful plaintiff in a patent infringement suit "damages adequate to compensate for the infringement,"

> prejudgment interest should ordinarily be awarded. In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of the infringement and the date of the judgment.

*Id.*, 461 U.S. at 655–56, 103 S.Ct. at 2062, 217 USPQ at 1188.

The Court did not, however,

> construe § 284 as requiring the award of prejudgment interest whenever infringement is found. That provision states that interest shall be "fixed by the court," and in our view it leaves the court some discretion in awarding prejudgment interest. For example, it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit. There may be other circumstances in which it may be appropriate not to award prejudgment interest. We need not delineate those circumstances in this case.

*Id.*, 461 U.S. at 656–57, 103 S.Ct. at 2062–63, 217 USPQ at 1189.

Justice Stevens wrote a brief concurring opinion, in which no other member of the Court joined, stating that "[i]n exercising its discretion to deny [prejudgment] interest in appropriate cases, the trial court may properly take into account the nature of the patent and the strength of the defendant's challenge." *Id.*, 461 U.S. at 658, 103 S.Ct. at 2063, 217 USPQ at 1189.

This court, however, recently held that a district court's justification for limiting prejudgment interest "must have some relationship to the award of prejudgment interest." *Radio Steel & Mfg. Co. v. MTD Products*, 788 F.2d 1554, 1557–58, 229 USPQ 431, 434 (Fed.Cir.1986).

A. The normal procedure under *Devex* is to award prejudgment interest from the date of infringement to the date of payment, since only such award will satisfy "Congress' overriding purpose [in section 284] of affording patent owners complete compensation." *Devex*, 461 U.S. at 655, 103 S.Ct. at 2062; *see, e.g., Smith Int'l, Inc. v. Hughes Tool Co.*, 229 USPQ 81, 102–03 (C.D.Cal.1986) [Available on WESTLAW, DCTU database]; *Shiley, Inc. v. Bentley Laboratories, Inc.*, 601 F.Supp. 964, 225 USPQ 1013, 1020 (C.D.Cal.1985) (supplemental memorandum), *aff'd*, 794 F.2d 1561, 1571, 230 USPQ 112, 117 (Fed. Cir.1986).

Nicolet apparently began selling its infringing device in 1980, and the final judgment was entered in January 1983. Prejudgment interest thus ordinarily would have been awarded for at least 30 months. The district court, however, awarded such interest for only nine months, apparently on the theory that had it not been for Bio-Rad's undue delay and dilatory tactics during discovery, the case could have been brought to trial within nine months after filing.

The question is whether the grounds upon which the district court determined to award prejudgment interest only for nine months, as set forth in its findings, justified the district court's action. We con-

clude that the district court's limitation of prejudgment interest to nine months cannot stand.

The district court gave two grounds for limiting the period of prejudgment interest: (1) that "all but 9 months of the time spent by Bio-Rad in prosecuting the case prior to commencement of trial represents a period of undue delay and Bio-Rad should not be awarded prejudgment interest for that period of delay," and (2) Bio-Rad's counsel "engaged in dilatory action during the discovery process," which "should be taken into account" in determining prejudgment interest.

■ 1. The basis for the court's finding that Bio-Rad's conduct during discovery delayed the trial of the case for six months is difficult to comprehend. The trial date was set at the first status conference in November 1981 for October 4, 1982; the trial commenced on October 5, 1982, only one day after the specified date. There is no indication that, but for the behavior of Bio-Rad, the trial could or would have begun earlier. Indeed, the discovery proceedings presumably were conducted after the first status conference, since the discovery schedule was established there. The scheduled trial date was met with only one day's delay, regardless of Bio-Rad's conduct during discovery. The finding by the district court that Bio-Rad delayed the beginning of the trial by six months is clearly erroneous.

■ The court's finding that "all but 9 months of the time spent by Bio-Rad in prosecuting the case prior to commencement of trial represents a period of undue delay," for which Bio-Rad should not receive prejudgment interest, is puzzling for another reason. Since the court awarded prejudgment interest only for nine months, this finding implies that all of the time from Nicolet's first infringement to the filing of the complaint also constituted "undue delay" by Bio-Rad. The record does not support that conclusion. Bio-Rad filed its complaint almost exactly one year after Nicolet delivered its first infringing device, and less than eight months after the termi-

nation of efforts by the parties to resolve the dispute through correspondence. The time it took Bio-Rad to file suit did not constitute undue delay. *Cf. Shiley*, 225 USPQ at 1020 (no undue delay justifying reduction of prejudgment interest where suit filed nine months after plaintiff notified defendant of infringement).

■ 2. The district court's finding that there had been "dilatory action during the discovery process" by Bio-Rad's counsel, "which should be taken into account when determining Bio-Rad's entitlement to prejudgment interest," does not support the limitation of prejudgment interest to nine months. There is no evidence in the record that such "dilatory action" delayed the trial. As noted, we held in *Radio Steel*, 788 F.2d at 1558, 229 USPQ at 434, that the justification for limiting an award of prejudgment interest "must have some relationship to the award of prejudgment interest." "Dilatory action" during discovery, without resultant delay in the trial, does not justify limiting the period of prejudgment interest.

■ The limitation of prejudgment interest to nine months cannot be justified as a sanction for abuse of the discovery process by Bio-Rad. A district court has available other sanctions to remedy abuses of the discovery process.

In sum, the district court's limitation of prejudgment interest to nine months cannot be sustained upon the basis of the district court's findings.

B. The district court's determinations that the appropriate rate of interest was the California rate of seven percent and that the interest should not be compounded, were based upon the same findings that underlie its determination that the appropriate period for such interest was nine months. The reasoning that led us to conclude that those findings either were clearly erroneous or did not support the nine-month limitation also compels invalidation of the seven percent uncompounded rate.

■ The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court. *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 24, 223 USPQ 591, 600 (Fed.Cir.1984); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557, 222 USPQ 4, 9–10 (Fed.Cir.1984); *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1520, 220 USPQ 929, 942 (Fed.Cir. 1984); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066, 219 USPQ 670, 676 (Fed.Cir.1983). In exercising that discretion, however, the district court must be guided by the purpose of prejudgment interest, which is "to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Devex*, 461 U.S. at 655, 103 S.Ct. at 2062, 217 USPQ at 1188; *see Dynamics Corp. of Am. v. United States*, 766 F.2d 518, 520, 226 USPQ 622, 623 (Fed.Cir.1985).

■ The district court gave no convincing reason why Bio-Rad's alleged delay in bringing the case to trial or alleged discovery improprieties warranted using a seven percent rate of uncompounded interest. Indeed, as noted, the only evidence in the record relating to the appropriate rate of interest suggests the use of either the prime rate or the rate that Bio-Rad paid on its corporate borrowings during the period of infringement.

C. Nicolet seeks to uphold the amount of prejudgment interest on the following alternative grounds:

(1) Nicolet's challenge to the patent and its application to Nicolet's instrument was well justified; (2) Bio-Rad improperly withheld evidence and delayed production of documents essential to the proper presentation of Nicolet's case; and (3) the damages awarded in the case were unduly high. . . .

■ Although a court of appeals may affirm the judgment of a district court on any ground, including grounds not relied upon by the district court, the application of that principle to this case is highly dubious. Since determining the amount of prejudgment interest lies largely within the district court's discretion, in deciding whether the district court properly exercised that discretion, we restrict our review to the stated basis upon which the district court acted and do not consider other grounds upon which the district court might have based its decision.

In any event, Nicolet's additional grounds for affirmance are unconvincing, and also constitute attempts to relitigate matters long since laid to rest.

1. Nicolet's contention that its challenges to the patent were "well justified" reflects the position of Justice Stevens in his concurring opinion in *Devex*. We implicitly rejected that position in *Radio Steel*, where we ruled that the justification for an award of prejudgment interest "must have some relationship to the award of prejudgment interest." 788 F.2d at 1558, 229 USPQ at 434.

■ Moreover, since the purpose of prejudgment interest is to compensate the patentee for its "foregone use of the money [the royalty payments] between the time of the infringement and the date of the judgment," *Devex* 461 U.S. at 656, 103 S.Ct. at 2062, 217 USPQ at 1188, the merits of the infringer's challenges to the patent are immaterial in determining the amount of prejudgment interest. 5 D. Chisum, *Patents* § 20.03[4] at 20–172 (1986) ("It would seem that considering the strength of the case would not be appropriate if the guiding consideration is full compensation for the patent owner's loss"). Finally, Nicolet's arguments are substantially a repeat of those it made at the trial in contending that the infringement was not willful. Since the jury agreed with Nicolet on this issue, Nicolet had the benefit of avoiding an increase in the damages under 35 U.S.C. § 284 that might have resulted from a finding of willful infringement. Nicolet cannot now rely upon the alleged strength of its challenges to the patent as a basis for reducing the amount of prejudgment interest.

2. We have already discussed Nicolet's contentions regarding Bio-Rad's conduct during discovery. Nicolet sought a new trial on the basis of its allegations of Bio-Rad's abuse of discovery. The district court denied that request, and we specifically upheld that ruling in the prior appeal. 739 F.2d at 615, 222 USPQ at 662–63. In making this argument, Nicolet is seeking to relitigate issues that were settled at the trial and in the first appeal.

3. Nicolet's attempt to justify the reduction in prejudgment interest on the ground that damages were "unduly high" also involves an attempt to relitigate an issue previously settled. In the prior appeal, Nicolet argued that the damages were excessive. We discussed that contention at length and rejected it in our opinion. 739 F.2d at 615–17, 222 USPQ at 663–64. There is no reason for us to reconsider that ruling in connection with the award of prejudgment interest.

### CONCLUSION

The order of the district court awarding prejudgment interest is vacated, and the case is remanded to the district court to redetermine the amount of prejudgment interest in accordance with this opinion.

VACATED and REMANDED.

BALDWIN, Senior Circuit Judge, concurring.

The trial court did not have the benefit of the opinion in *Radio Steel* at the time the prejudgment interest award was made. The majority's reliance on that opinion is therefore misplaced.