847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BIO-RAD LABORATORIES, INC., Plaintiff-Appellant,
v.
NICOLET INSTRUMENT CORPORATION, Defendant-Appellee.
 No. 88-1066.
 United States Court of Appeals, Federal Circuit.
 April 15, 1988.
 
 N.D.Cal., 807 F.2d 964.
 AFFIRMED.
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and NICHOLS, Senior Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The order on remand* of the U.S. District Court for the Northern District of California, Civil No. C-81-2553-LHB (October 2, 1987), awarding prejudgment interest for the period before and postjudgment interest on the prejudgment interest for the period beginning with the date of the judgment entered on the verdict, is affirmed.
 
 OPINION
 
 2
 Bio-Rad has shown no basis on this record for concluding that the district court abused its discretion in using year-end balances and simple interest in its award. See Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 557, 222 USPQ 4, 10 (Fed.Cir.1984) (no abuse of discretion to use simple interest); Devex Corp. v. General Motors Corp., 667 F.2d 347, 363, 212 USPQ 643, 657 (3d Cir.1981) (no abuse of discretion to use year-end balances), aff'd, 461 U.S. 648, 217 USPQ 1185 (1983). As the district court stated, Bio-Rad itself proposed that methodology on appeal from the district court's initial denial of prejudgment interest. Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp., 739 F.2d 604, 222 USPQ 654 (Fed.Cir.) (Bio-Rad I ), cert. denied, 469 U.S. 1038 (1984).
 
 
 3
 If the district court changed its mind about methodology of calculating prejudgment interest, that would not in itself show an abuse of discretion. No evidence supports Bio-Rad's assertions that the district court "succumbed" to Nicolet's alleged "collateral attack" on the verdict and that it made no "genuine attempt to arrive at a reasonable estimate" of prejudgment interest. On the contrary, the district court was guided by the compensatory purpose of prejudgment interest, concluding in its order that $321,165 was "the amount of prejudgment interest which will fairly compensate Bio-Rad for loss of use of funds during the infringement period."
 
 
 4
 Because the purpose of prejudgment interest is to compensate the patent owner for "the foregone use of the [royalty] money between the time of infringement and the date of the judgment," Devex Corp. v. General Motors Corp., 461 U.S. 648, 656, 217 USPQ 1185, 1188 (1983); Bio-Rad II, 807 F.2d at 969, 1 USPQ2d at 1195, the period during which the parties have been litigating the prejudgment interest issue (since 1983) is irrelevant to the amount of prejudgment interest that should be awarded.
 
 
 5
 We reject Bio-Rad's argument that prejudgment interest should be paid for the period between the date of judgment, January 7, 1983, and the date on which the amount of prejudgment interest is "reduced to judgment." Having been awarded postjudgment interest on the prejudgment interest from the date judgment was entered on the jury verdict establishing its entitlement to damages, Bio-Rad should not be heard to complain. See Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542, 544-45 (5th Cir.1983) (en banc ) (postjudgment interest on fees and costs begins to run from date of judgment establishing party's entitlement to them, not from date of judgment calculating their amount).