As the majority correctly states, the Smithson's claim sounds in tort. Thus the Claims Court lacked jurisdiction, as do we. I would dismiss the appeal on that basis.

**NICKSON INDUSTRIES, INC.,**
Plaintiff–Appellant,

v.

**ROL MANUFACTURING CO., LTD., Rol Manufacturing (Canada), Ltd. and the Rol Manufacturing Company of America, Defendants–Appellees.**

No. 87–1644.

United States Court of Appeals,
Federal Circuit.

May 17, 1988.

---

Peter L. Costas, Costas and Montgomery, P.C., Hartford, Conn., argued for plaintiff-appellant.

Christopher B. Fagan, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, Ohio, argued for defendants-appellees.

Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and SKELTON, Senior Circuit Judge.

MARKEY, Chief Judge.

Appeal from a judgment of the United States District Court for the District of Connecticut, Nos. H–81–709 (MJB) and H–83–229 (MJB) (August 24, 1987), awarding

Nickson Industries, Inc. (Nickson) $34,-855.79 in damages for patent infringement. We vacate the district court's partial denial of prejudgment interest and remand for reconsideration of prejudgment interest and for consideration of Nickson's request for an injunction. We affirm the judgment in all other respects.

## BACKGROUND

Nickson owns United States Patent Nos. 4,004,768, on a tailpipe hanger (hanger patent), and 4,209,155, on a tailpipe hanger bracket (bracket patent). On September 22, 1981, Nickson sued Rol Manufacturing Co., Ltd., a Quebec corporation, in the District of Connecticut, for infringement of both patents. Nickson later included Rol Manufacturing (Canada), Ltd., the successor of Rol Manufacturing Co., Ltd. (collectively Rol Canada).

On September 8, 1982, Nickson sued Rol Manufacturing Co. of America, Inc. (Rol America), U.S. distributor for Rol Canada, in the Middle District of Florida. In 1983, the Florida action was transferred and consolidated with the Connecticut action.

Rol Canada and Rol America (collectively, Rol) stipulated infringement of both patents and validity of the bracket patent.[1]

### I. *Validity and Enforceability of the Hanger Patent*

After an August 1983 trial on the validity and enforceability of the hanger patent, the district court, in a May 1984 opinion, held the hanger patent invalid under 35 U.S.C. § 103, Nickson guilty of inequitable conduct, and the case exceptional under 35 U.S.C. § 285. *Nickson Indus., Inc. v. Rol Mfg. Co.*, 224 USPQ 993 (D.Conn.1984). In an unpublished opinion, this court reversed and remanded. 765 F.2d 160 (Fed.Cir.1985) (per curiam), *cert. denied*, 474 U.S. 843, 106 S.Ct. 131, 88 L.Ed.2d 107 (1985).

### II. *The District Court's Opinion on Damages*

Having conducted a damages trial on November 25, 1986, the district court is-

sued a July 13, 1987 memorandum opinion. Noting that Rol's sales figures for part number TPH–20 included infringing and noninfringing hangers, the court said:

> Although no business records distinguish between the infringing and noninfringing hangers, Michael Haller, one of the officers of both Rol Canada and Rol America, prepared an analysis of material usage to estimate the proportion of TPH–20 sales attributable to infringing hangers from July 1, 1979 to September 30, 1981. That analysis matches purchases of a certain material used only for manufacture of TPH–20s and several other parts with sales invoices for those parts and with amounts of material used to produce those parts. Based on his analysis, Haller estimates that about 41% of the TPH–20s were infringing hangers.

The district court awarded Nickson a reasonable royalty of 8.8% on 41% of Rol's gross invoice sales. The royalty rate is that paid by Nickson's established licensees.

The district court found Rol's infringement nonwillful. Michael Haller's testimony was that Rol decided to proceed with manufacture because it believed the hanger patent to be invalid. The court said:

> There is no evidence that Haller or Rol held this belief in bad faith or without good cause, especially in light of the fact that this court was persuaded after careful consideration of the facts and law that [the hanger patent] was invalid for obviousness.

The court also credited Michael Haller's testimony that Rol was not aware of Nickson's claim of infringement until June 11, 1981. Based on its finding of nonwillfulness, the district court denied increased damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285.

Respecting prejudgment interest, the court said, "Since this case does not involve circumstances which would justify with-

---

1. The district court awarded Nickson lost profits of 3¢ per bracket on stipulated sales figures. Nickson does not challenge that award.

holding of prejudgment interest, it shall be awarded." Nevertheless, and without explanation, the court awarded prejudgment interest only "until the date this suit was filed." The court did not compound interest.

The district court directed the parties to file a stipulation "containing the necessary calculations to arrive at the precise amount of damages consistent with these findings and conclusions." On receipt of that stipulation, the court entered a judgment on August 24, 1987, awarding Nickson $34,-855.79.

The court nowhere mentioned Nickson's request that Rol be enjoined from further infringement.

## ISSUES

I. Whether the district court committed reversible error in its award of damages.

II. Whether the issue of prejudgment interest must be remanded.

III. Whether the issue of Nickson's request for an injunction must be remanded.

## OPINION

### I. *Damages*

A. Standard of Review

■ The methodology of assessing and computing damages under 35 U.S.C. § 284 is within the sound discretion of the district court. *TWM Mfg. Co. v. Dura Corp.,* 789 F.2d 895, 898, 229 USPQ 525, 526 (Fed. Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 183, 93 L.Ed.2d 117 (1986). To prevail on appeal, Nickson must convince us that the district court abused its discretion by basing its award on clearly erroneous factual findings, legal error, or a manifest error of judgment. *PPG Indus., Inc. v. Celanese Polymer Specialities Co.,* 840 F.2d 1565, 1571–72, 6 USPQ2d 1010, 1015–16 (Fed.Cir. 1988) (Bissell, J., additional views); *Amstar Corp. v. Envirotech Corp.,* 823 F.2d 1538, 1542, 3 USPQ2d 1412, 1415 (Fed.Cir.1987).

B. Reasonable Royalty

■ Under 35 U.S.C. § 284, Nickson is entitled to receive from Rol "damages ade-

quate to compensate for the infringement, but in no event less than a reasonable royalty...." Where an established royalty exists, it will usually be the best measure of what is a "reasonable" royalty. *Hanson v. Alpine Valley Ski Area, Inc.,* 718 F.2d 1075, 1078, 219 USPQ 679, 682 (Fed. Cir.1983); *accord Tektronix, Inc. v. United States,* 552 F.2d 343, 347, 213 Ct.Cl. 257, 264–65, 193 USPQ 385, 390 (1977) (patent infringement damages under 28 U.S.C. § 1498), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978). Nickson does not argue that it had proved actual damages, or that a reasonable royalty is not a proper basis for measuring damages in this case. Nickson simply challenges the royalty rate employed.

■ Nickson says use of the established royalty rate makes the award inadequate. Yet Nickson points to no evidence that would require employment of a different royalty rate. Similarly, Nickson's argument that the rate should be applied to Rol's selling price plus the royalty amount, is not based on evidence but merely reflects disagreement with the district court's approach. Such disagreement does not establish an abuse of discretion. *TWM,* 789 F.2d at 899, 229 USPQ at 527.

Nickson correctly states that a royalty "reasonable" under 35 U.S.C. § 284 may be greater than an established royalty. *Bio–Rad Laboratories, Inc. v. Nicolet Instrument Corp.,* 739 F.2d 604, 617, 222 USPQ 654, 664 (Fed.Cir.) (*Bio–Rad I*), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 516, 83 L.Ed. 2d 405 (1984). For example, a higher figure may be awarded when the evidence clearly shows that widespread infringement made the established royalty artificially low. *Trio Process Corp. v. L. Goldstein's Sons, Inc.,* 533 F.2d 126, 129–30, 189 USPQ 561, 563–64 (3d Cir.1976). Nickson, however, alleges no such circumstances and has pointed to no such evidence.

C. Allocation of Noninfringing Sales

Challenging as clearly erroneous the district court's finding that 59% of Rol's sales of TPH–20 were noninfringing, Nickson

says the document on which the district court relied, PX–1009, is not credible, and "was never sponsored by the ROL companies as a [sic] allocation of the sales between infringing and non-infringing hangers either at the trial or at the hearing on damages."

Though Rol prepared the report in PX–1009, Nickson introduced it into evidence. Rol need not, therefore, have "sponsored" it. Nickson says it was introduced only for a limited purpose (to establish discrepancies in sales reported by Rol), and that Rol's post-trial reliance on PX–1009 for the truth of its contents unfairly "ambushed" Nickson. Nothing in the record, however, shows that Nickson introduced PX–1009 for a limited purpose.

The record reveals the following exchange:

THE COURT: [I]s it your contention here that these figures we're going through in these exhibits establish the amount of sales of the infringing item?

[COUNSEL FOR NICKSON]: Well, your Honor, one of the problems we have is whether they establish sales of the infringing item.

The second problem is that the document we have been given is inconsistent among themselves, and we believe we do not have all sales by Rol Canada reported.

THE COURT: Well, do you want to prove from these exhibits anything at all, other than you don't have the information?

[COUNSEL FOR NICKSON]: Your Honor, we will prove there is a minimum.

We discern no "ambush" or unfairness in Rol's post-trial reliance on PX–1009 as showing reasonable estimates of infringing and noninfringing sales, or in the district court's reliance on PX–1009 for that purpose.

■ Nickson says the district court committed legal error by placing on Nickson "the burden of disproving" the allocation set forth in PX–1009, an exhibit too "flaw-riddled" to be credible, and that it must be assumed that 100% of TPH–20 sales were infringing. We agree that where it is "impossible to make a mathematical or approximate apportionment" between infringing and noninfringing items, the infringer must bear the burden and the entire risk. *Westinghouse Elec. & Mfg. Co. v. Wagner Elec. & Mfg. Co.*, 225 U.S. 604, 620, 32 S.Ct. 691, 697, 56 L.Ed. 1222 (1912); *Calhoun v. United States*, 453 F.2d 1385, 1389–90, 197 Ct.Cl. 41, 49–50, 172 USPQ 438, 442 (1972); *see TWM*, 789 F.2d at 900, 229 USPQ at 528 (where infringer's failure to keep accurate records causes difficulty in ascertaining damages, infringer must bear adverse consequences). That is not this case, however. PX–1009 contains a mathematical formula, based on the weight difference between the infringing and noninfringing versions of TPH–20, and calculates the number of infringing TPH–20 hangers from the weight of raw material purchased and the total hangers sold. Nickson has identified no flaw that would have precluded the district court from relying on that analysis as a "reasonable approximation," *Calhoun*, 453 F.2d at 1390, 197 Ct.Cl. at 49, 172 USPQ at 442, and in requiring Nickson to show otherwise.

■ The district court's finding that only 41% of Rol's sales were infringing does not create in us "the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). We cannot, therefore, deem that finding clearly erroneous. Fed. R.Civ.P. 52(a).

D. Willful Infringement

Analyzing the "totality of the circumstances," *Central Soya Co. v. George A. Hormel & Co.*, 723 F.2d 1573, 1577, 220 USPQ 490, 492 (Fed.Cir.1983), the district court found that Rol's infringement was not willful. Notwithstanding Rol's knowledge of the hanger patent in April 1977, the court found that Rol held a good faith belief that it was invalid, and that Rol was unaware of Nickson's claim of infringement until shortly before suit was filed.

Nickson says the finding of good faith is clearly erroneous because Rol did not con-

sult counsel until after suit was filed. Absence of an opinion of counsel, however, does not in every case require a finding of bad faith. *See American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 465, 227 USPQ 299, 303 (Fed.Cir.1985). The district court accepted Michael Haller's testimony that he "thought a lot of the features in the Nickson hangers were covered by prior art," and Nickson has pointed to no evidence in the record that would compel an inference of bad faith.

Nickson says the court's finding that Rol was unaware of Nickson's infringement claim until June 1981 is clearly erroneous because Ralph Evans, a Nickson officer, testified he told Morton Shulman, a Rol employee, of it in 1977. Shulman delivered similar testimony on deposition. The district court noted Evans' testimony, but said it was "inclined to believe the testimony of Michael Haller that [Rol was] not aware of any infringement claim until [it] received a letter dated June 11, 1981, especially since [Nickson] was unable to introduce any other documentary evidence that [Rol was] notified of the infringement claim."

"[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). Nickson has shown no basis for overturning the district court's decision to credit Michael Haller's testimony.

Nickson says Rol attempted to conceal infringement by illustrating a noninfringing hanger in a catalog, that Rol copied the patented hanger, that Rol "chose to ride upon the market acceptance of Nickson's hangers," and that those "incontrovertible facts" compel a finding of willful infringement. Those "incontrovertible facts" were not found by the district court, and Nickson has not shown clear error in the finding that Rol's infringement was not willful. Fed.R.Civ.P. 52(a).

■ Because Nickson has not shown the finding of nonwillfulness to be clearly erroneous, and has asserted no other justification for an increased award, there is no basis for determining that an abuse of discretion occurred in declining to increase the damages under 35 U.S.C. § 284. *Amstar*, 823 F.2d at 1547, 3 USPQ2d at 1419; *Rolls–Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1111, 231 USPQ 185, 192 (Fed.Cir.1986). For the same reason, there is no foundation for an award of attorney fees under 35 U.S.C. § 285. *Amstar*, 823 F.2d at 1547, 3 USPQ2d at 1419; *American Original*, 774 F.2d at 466, 227 USPQ at 303.

## II. *Prejudgment Interest*

■ In view of the requirement in 35 U.S.C. § 284 that the district court "shall award the claimant damages adequate to compensate for the infringement," the Supreme Court has held that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S.Ct. 2058, 2063, 76 L.Ed.2d 211, 217 USPQ 1185, 1189 (1983); *Bio–Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967, 1 USPQ2d 1191, 1193 (Fed.Cir.1986) (*Bio–Rad II*), cert. denied, —— U.S. ——, 107 S.Ct. 3187, 96 L.Ed.2d 675 (1987). Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment. *Devex*, 461 U.S. at 656, 103 S.Ct. at 2063, 217 USPQ at 1188; *see Bio–Rad II*, 807 F.2d at 967, 1 USPQ2d at 1193–94. District courts have discretion to limit prejudgment interest where, for example, the patent owner has caused undue delay in the lawsuit, *Devex*, 461 U.S. at 657 & n. 11, 103 S.Ct. at 2063 & n. 11, 217 USPQ at 1189 & n. 11; *Bio–Rad II*, 807 F.2d at 967, 1 USPQ2d at 1193, but there must be justification bearing a relationship to the award. *Bio–Rad II*, 807 F.2d at 967, 1 USPQ2d at 1193; *Radio Steel & Mfg. Co. v. MTD Prods.*, 788 F.2d 1554, 1558, 229 USPQ 431, 434 (Fed.Cir.1986).

■ Though the district court here found no "circumstances which would justi-

fy withholding" prejudgment interest, it then, without explanation, limited the term for prejudgment interest to "the date this suit was filed." No justification for that limitation, *Bio–Rad II*, 807 F.2d at 967, 1 USPQ2d at 1193, appears in the record. Thus there is no basis on which the correctness or incorrectness of the district court's partial denial of prejudgment interest can be determined, and the issue must be remanded.

Accordingly, we vacate the award of prejudgment interest and remand for an award running to the date of judgment or a statement of reasons for limiting the term to the date suit was filed. *See Bio–Rad I*, 739 F.2d at 618, 222 USPQ at 665.[2]

### III. *Injunction*

Nickson says, without contradiction, that it requested in its complaint and post-trial memorandum that Rol be enjoined from further infringement. Nowhere did the district court mention an injunction, and the issue raised by Nickson's request must therefore be remanded.[3]

Accordingly, we remand to the district court to enjoin Rol from further infringement or to state a sufficient reason for not doing so.

### CONCLUSION

We vacate and remand those portions of the judgment relating to prejudgment interest and an injunction,[4] and affirm in all respects the remaining appealed portions of the judgment.

### COSTS

Each party shall bear its own costs.

2. Nickson says the district court abused its discretion in declining to compound interest because the facts and the award of "minimal damages" "compelled" compound interest. Nickson's arguments inspire in us no feeling of "compulsion," however, and do not convince us that the district court abused its discretion in awarding only simple interest. *See Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 557, 222 USPQ 4, 10 (Fed.Cir.1984).

3. The parties, improperly, ask this court to rule on Nickson's injunction request. Nickson relies on the general rule and Rol's inventory. Rol

VACATED AND REMANDED IN PART; AFFIRMED IN PART.

says "the Trial Court, no doubt, deemed it unnecessary to hand down an injunction" because Rol ceased infringement the day suit was filed. The trial court said nothing, however, and it is for that court to determine in the first instance whether an injunction is warranted under 35 U.S.C. § 283.

4. Nickson did not file a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). That motion, though not required, would have made the remanded issues reviewable and avoided the imposition of a return visit to a busy district court.