887 F.2d 1095
 13 U.S.P.Q.2d 1572
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WALLACE COMPUTER SERVICES, INC., Plaintiff/Appellant,
v.
UARCO INCORPORATED, Defendant/Cross-Appellant.
 Nos. 89-1044, 89-1086 and 89-1189.
 United States Court of Appeals, Federal Circuit.
 Sept. 19, 1989.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and NICHOLS, Senior Circuit Judge.*
 RICH, Circuit Judge.
 
 DECISION
 
 1
 These appeals are from judgments on an accounting in a patent suit. The District Court for the Northern District of Illinois, Eastern Division entered a judgment October 11, 1988, awarding Wallace $811,736.00 for Uarco's infringement of Wallace's U.S. Patent No. 4,109,827, based upon base damages of $311,716, prejudgment interest of $188,304, and doubling of the base damages under 35 USC 284. The court also awarded Wallace $617,638.33 as reasonable attorney fees and expenses under 35 USC 285 in a judgment entered November 16, 1988. We affirm-in-part, reverse-in-part, and remand to recalculate prejudgment interest.
 
 OPINION
 
 2
 1. The district court found that Wallace failed to establish an absence of acceptable noninfringing substitutes for the patented ticket-making process. In this regard, the court made subsidiary findings that Rand McNally, the largest supplier of airline tickets, had produced and was at all relevant times capable of producing tickets through a noninfringing process acceptable to the airlines. These subsidiary findings are fully supported. We therefore do not find persuasive Wallace's assertion that there was an absence of acceptable noninfringing substitutes for the patented process.
 
 
 3
 2. Wallace has not persuaded us that the district court erred when it found that this case did not involve a simple two-supplier market as contended by Wallace, or what Wallace now calls a "special niche" market.
 
 
 4
 3. In view of its subsidiary findings, the court's finding that lost profits would not have been an appropriate measure of damages has not been shown to be in error.
 
 
 5
 4. The choice of an analytical framework to assess a reasonable royalty is committed to the district court's discretion. Datascope Corp. v. SMEC, Inc., Nos. 88-1266, -1279 and 89-1104, -1154, slip op. at 5 (Fed.Cir. July 6, 1989). Wallace advanced an "incremental profit" framework resulting in a royalty of 35% on ticket sales revenue, while Uarco suggested a hypothetical negotiations methodology resulting in a royalty of 5% or less. The evidence was that royalties in this industry ranged from 3% to 6% of sales. This included both negotiated licenses and cases where the parties let a court decide for them. We need not, as the district court did, discuss in detail the flaws in Wallace's proposed methodology. Suffice it to say that the disparity in result between Wallace's method and the results of comparable, real-world negotiations is so glaring that we think the district court was fully justified in choosing the hypothetical negotiations methodology over Wallace's approach. Certainly his choice was not an abuse of discretion.
 
 
 6
 5. Wallace's assertion that the district court did not consider all the Georgia-Pacific factors is not persuasive. Seven pages of discussion follow the heading "Major Georgia-Pacific Factors Relevant to this Situation" in the district court's opinion. The discussion of the "relevant" factors concludes with the statement that the other factors "have also been considered by the court ... [but] they are not as significant or as helpful as the above-discussed factors...." Wallace's real complaint is factual, not legal: the district court did not give much weight to Wallace's expert's testimony. We are not inclined to invade the district court's province of weighing the evidence, see Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 856 (1982), especially in a case where the district court stated that Wallace's position on damages was "clearly not 'reasonable.' " We are not persuaded of error in the court's calculation of a reasonable royalty as 6% of the revenue Uarco received for tickets made by processes found to infringe.
 
 
 7
 6. The district court applied the proper legal standards in considering the question of willful infringement. Uarco challenges the court's ultimate fact finding that Uarco's infringement was willful, but, on the entire evidence, we are not left with a definite and firm conviction that the court's finding was mistaken. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). We therefore sustain the finding of willful infringement.
 
 
 8
 7. We sustain the court's finding that the case was "exceptional" within the meaning of 35 USC 285 based on the finding that Uarco's infringement was willful. Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1329, 5 USPQ2d 1255, 1262 (Fed.Cir.1987) (finding of willful infringement is "legally sufficient to meet the criterion of 'exceptional case' "). Uarco has not persuaded us that the attorney fees and expenses awarded were unreasonable in amount or inadequately documented.
 
 
 9
 8. Wallace has not shown any abuse of discretion in the award of prejudgment interest at the prime rate, uncompounded. Wallace has convinced us, however, that the court erred in limiting the term of interest to the period subsequent to the filing of the complaint. Wallace may have delayed filing suit from 1978 to 1980, but the only effect on Uarco was the "increas[e] [in] its sales on which it must now pay damages," according to the court. This is not the sort of undue delay on Wallace's part or prejudice to Uarco which would justify limiting the term of prejudgment interest. Compare the facts of the cases cited in General Motors Corp. v. Devex Corp., 461 U.S. 648, 657 n. 11 (1983), with those of Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 1 USPQ2d 1191 (Fed.Cir.1986), cert. denied, 482 U.S. 915 (1987), Lummus Industries v. D.M. & E. Corp., 862 F.2d 267, 8 USPQ2d 1983 (Fed.Cir.1988), and Nickson Industries v. Rol Mfg. Co., 847 F.2d 795, 6 USPQ2d 1878 (Fed.Cir.1988). The court's decision limiting the term of prejudgment interest is reversed and the cause is remanded with instructions to recalculate prejudgment interest beginning from the date Uarco's liability for infringement began.
 
 
 
 *
 Judge Nichols sat to hear argument but, by reason of illness, did not participate further in the decision