980 F.2d 742
 26 U.S.P.Q.2d 1548
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Phillip OINESS and Sun Products Group, Inc.,
Plaintiffs/Cross-Appellants,
v.
WALGREEN COMPANY, Atico International Incorporated, f/k/a J
& M Enterprises, d/b/a Atico, New Atico
International, Ltd, d/b/a New Atico,
a/k/a Atico, Defendants-Appellants.
 Nos. 91-1467, 91-1496.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1992.
Rehearing Denied in No. 91-1467 Dec. 4, 1992.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Oiness and Sun Products sued Walgreen Company and Atico International and New Atico International for infringement of United States Patent No. 4,544,203 (the '203 patent). See Oiness v. Walgreen Co., 774 F.Supp. 1277, 21 USPQ2d 1654 (D.Colo.1991). A jury found that Oiness owned the '203 patent, that defendants had not established the invalidity of the '203 patent, and that defendants willfully infringed the patent. The jury then awarded $300,000 in actual damages. The court trebled damages and denied attorney fees and prejudgment interest. Upon review, this court finds substantial evidence to support most of the jury's findings. However, due to reversible errors affecting the damages award and the trial court's denial of prejudgment interest, this court affirms-in-part, vacates-in-part, and remands.
 
 Damages
 
 2
 This court reviews the jury's findings for reasonableness
 
 
 3
 under the substantial evidence standard of review. Orthokinetics v. Safety Travel Chairs, 806 F.2d 1565, 1571, 1 USPQ2d 1081
 
 
 4
 , 1084-86 (Fed.Cir.1986). The district court instructed the
 
 
 5
 jury to award the "net profits" Oiness would have made
 
 
 6
 absent Walgreen's infringement. Under the unique facts of
 
 
 7
 this case, that instruction likely misled the jury and
 
 
 8
 caused reversible error. Moreover, this court detects no
 
 
 9
 substantial evidence supporting the jury's damage award. On
 
 
 10
 this record, no reasonable jury could have reached this result.
 
 
 11
 In a separate 1988 suit, the United States District Court
 
 
 12
 for the Eastern District of Michigan awarded Oiness damages
 
 
 13
 for a short-lived infringement of the '203 patent by B & E
 
 
 14
 Sales Company. Sun Prods. Group v. B & E Sales Co., 700 F.Supp. 366, 9 USPQ2d 2009
 
 
 15
 (E.D.Mich.1988). Due to repeated references throughout
 
 
 16
 this trial, the jury was acutely aware that Oiness
 
 
 17
 previously had received damages from B & E Sales. In
 
 
 18
 particular, Sun Products received damages for loss of
 
 
 19
 "future profits" caused by B & E Sales' infringement.
 
 
 20
 The jury instructions advised the jury to award Oiness
 
 
 21
 damages for any "net profits on sales Sun Products would
 
 
 22
 have made absent the infringement." The instructions
 
 
 23
 further defined "net profits" as "revenue from the sale of
 
 
 24
 head rests less the cost of obtaining or manufacturing the
 
 
 25
 head rest, cost of goods sold, and less all operating costs
 
 
 26
 and expenses such as advertising, rent, salaries,
 
 
 27
 promotions, et cetera." The instructions did not
 
 
 28
 distinguish between a lost profits award for B & E Sales'
 
 
 29
 1985-86 infringement and a lost profits award for Walgreens'
 
 
 30
 1987-90 infringement.
 
 
 31
 Without this distinction between damages for B & E Sales'
 
 
 32
 1985-86 infringement and Walgreen's 1987-90 infringement,
 
 
 33
 the jury may well have read the term "net profits" to
 
 
 34
 require reduction of the damages caused by Walgreen's
 
 
 35
 infringement to account for damages awarded for B & E Sales'
 
 
 36
 infringement. Regardless of the source of the jury's
 
 
 37
 confusion, however, substantial evidence does not support
 
 
 38
 the jury's damage award.
 
 
 39
 The jury awarded Oiness $300,000 in damages for injury to
 
 
 40
 three distinct markets--premium, advertizing specialty, and
 
 
 41
 retail. Plaintiffs' witnesses testified to over $5 million
 
 
 42
 in retail damages, over $16 million in premium product
 
 
 43
 damages, and $500,000 in advertising specialty damages, for
 
 
 44
 a total of over $22 million. Walgreen's witness admitted
 
 
 45
 that injury to the advertising specialty market alone ranged
 
 
 46
 from $250,000 to $500,000. Walgreen's expert based this
 
 
 47
 estimate on the cost of reintroducing the product and did
 
 
 48
 not include any lost profits. On the record, this court
 
 
 49
 finds no substantial evidence supporting the jury's damage award.
 
 
 50
 An offending notion woven into the fabric of this case
 
 
 51
 is: Plaintiff recovered for lost profits in the suit
 
 
 52
 against B & E Sales, therefore, plaintiff cannot recover for
 
 
 53
 lost profits against Walgreen. To recover under lost
 
 
 54
 profits, plaintiff must show that, absent infringement, it
 
 
 55
 would have made the profits claimed. King Instrument Corp. v. Otari Corp., 767 F.2d 853, 863, 226 USPQ 402
 
 
 56
 , 409, (Fed.Cir.1985), cert. denied, 475 U.S. 1016
 
 
 57
 (1986). Plaintiff must show a direct causal connection
 
 
 58
 between the infringer's activities and the patent owner's
 
 
 59
 lost profits. Sun Products met this burden in recovering
 
 
 60
 lost profits for B & E Sales' 1985-86 infringement. In this
 
 
 61
 suit against Walgreen, plaintiffs certainly cannot recover
 
 
 62
 for profits lost due to B & E's infringement. Plaintiffs
 
 
 63
 may recover, however, all profits lost due to Walgreen's
 
 
 64
 1987-90 infringement.
 
 
 65
 Because the jury instructions did not adequately distinguish
 
 
 66
 between damages for the separate 1985-86 infringement and
 
 
 67
 because substantial evidence does not support the jury's
 
 
 68
 damages award, this court vacates that award and remands.
 
 Prejudgment Interest
 
 69
 This court reviews the district court's decision not to award prejudgment interest for abuse of discretion. See Hughes Tool Co. v. Dresser Indus., Inc., 816 F.2d 1549, 1558, 2 USPQ2d 1396, 1404 (Fed.Cir.1987). The district court did not grant prejudgment interest because Sun Products received damages in a prior case. Sun Prods., 700 F.Supp. at 381-87, 9 USPQ2d at 2019-24. The court reasoned that prejudgment interest would give Sun Products a duplicative recovery. The jury, however, awarded $250,000 for injury to the premium sales market. Premium products are purchased in bulk to be given away as part of the sales promotion of other products. In B & E Sales, Sun Products recovered for retail sales, not premium sales. Therefore, an award for premium sales in the instant case would not overlap with the B & E award.
 
 
 70
 The district court said: "[t]he jury concluded that plaintiffs were only entitled to recover $300,000 for damages incurred after 1992." Oiness, 774 F.Supp. at 1285, 21 USPQ2d at 1660. In the same paragraph, the court relied on testimony that Walgreen's infringement affected premium sales from 1988 through 2002. Id. The district court's rationale for denying prejudgment interest does not account for the prejudgment interest on those premium sales. This failure amounts to an abuse of discretion. Therefore, this court vacates the trial court's denial of prejudgment interest and remands. See Nickson Indus. v. Rol Mfg. Co., 847 F.2d 795, 800-01, 6 USPQ2d 1878, 1881-82 (Fed.Cir.1988).
 
 CONCLUSION
 
 71
 Both plaintiffs and defendants raised several other objections to the jury's verdict and the trial court's conduct of the case. In all respects, this court rejects those objections and affirms the district court's judgment. This court only vacates and remands for reconsideration of the award of damages for lost profits and of the denial of prejudgment interest.
 
 COSTS
 
 72
 Each party shall bear its own costs.